# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
#### No. 5:15-CV-00670-F

PATRICIA HALL, individually
and on behalf of others similarly situated,

        Plaintiff,

v.

HIGHER ONE MACHINES, INC.,
HIGHER ONE INC., and
HIGHER ONE HOLDINGS, INC.,

        Defendants.

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

Plaintiff, ("Named Plaintiff"), on behalf of herself and on behalf of the classes of individuals that she seeks to represent (as hereinafter defined), and Defendants Higher One Machines, Inc., Higher One, Inc., and Higher One Holdings, Inc. ("Defendants") (collectively, the "Parties"), by and through their respective counsel, in consideration for and subject to the promises, terms, and conditions contained in this Joint Stipulation of Settlement and Release ("Settlement Agreement" or the "Agreement"), hereby stipulate and agree, subject to Court approval, as follows:

## I. RECITALS

WHEREAS, on December 28, 2015, the Named Plaintiff filed suit against Defendants in the U.S. District Court for the Eastern District of North Carolina, Western Division, seeking unpaid back wages under the Fair Labor Standards Act ("FLSA"), the North Carolina Wage and Hour Act, and state law contract theories, as both a collective action and Rule 23 class action ("Action");

1

WHEREAS, on March 9, 2016, April 15, 2016, May 27, 2016, and June 22, 2016, the Court granted the Parties extensions of time by which to file the Motion for Conditional Certification and responsive pleadings given ongoing settlement discussions;

WHEREAS, to date, no other plaintiffs have filed consent to join this Action;

WHEREAS, in light of the discovery conducted to date, the time and expense associated with future discovery, as well as the challenges and risks associated with trial of this matter, the Parties elected to engage in a mediation beginning in March of 2016. In connection with this mediation, during the past months between March and the date of this Agreement, Counsel for the Parties exchanged sufficient information and data, and engaged in good faith, arms-length negotiations presided over by Jonathan R. Harkavy, Esq., a highly-regarded mediator. During the next approximately two months, the Parties worked to narrow the issues, identify areas of agreement, and make additional concessions when appropriate. On June 1, 2016, the Parties reached the material terms of the Settlement set forth in this Agreement;

WHEREAS, before entering into this Settlement Agreement, the Parties, by and through their respective counsel, conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims and potential claims to determine the strength of liability, potential remedies, and all defenses thereto, including as to both the merits and FLSA and Rule 23 conditional and class certification, under all applicable federal and state class action court rules and Rule 23;

WHEREAS, this Settlement Agreement, including all associated exhibits, is made for the sole purpose of settling the Action on a collective and class-wide basis in compromise of disputed claims. Because the Action was pled as a class and/or collective action, this settlement must receive

both preliminary and final approval by the Court. Accordingly, the Parties enter into this Agreement on a conditional basis.

In the event the Court does not enter an Order of Final Approval, in the event the associated Judgment does not become a Final Judgment for any reason, or as otherwise provided for in this Agreement, this Settlement Agreement shall be deemed null and void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or utilized by any party for any purpose whatsoever. Further, the negotiation, terms, and entry of this Agreement shall remain subject to the provisions of Federal Rule of Evidence 408, and any other analogous rules of evidence that are applicable;

WHEREAS, although based upon their review, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, Named Plaintiff and Class Counsel, on behalf of Named Plaintiff and the other members of the proposed class, believe the claims have merit, they have agreed to settle the Action pursuant to the provisions of this Settlement Agreement, after considering, among other things:

(i)     the substantial benefits to the Class Members under the terms of this Settlement Agreement;

(ii)    the risks, costs, and uncertainty of protracted litigation, especially in complex actions such as this, the difficulties in certifying several classes of home-based customer care agents; and the difficulties and delays inherent in such litigation; and

(iii)   the desirability of consummating this Settlement Agreement promptly in order to provide effective relief to the Class Members;

WHEREAS, Defendants have vigorously denied and continue to dispute all of the claims and contentions alleged in the Action, and deny any and all allegations of wrongdoing, fault,

liability or damage of any kind to Named Plaintiff and the putative class. Defendants further deny that they acted improperly or wrongfully in any way, and believe that the Action has no merit and should not proceed on a collective or class-wide basis. Defendants have also considered the risks and potential costs of continued litigation of the Action, on the one hand, and the benefits of the proposed settlement, on the other hand, and desire to settle the Action upon the terms and conditions set forth in this Settlement Agreement; and

WHEREAS, the Parties have negotiated a class definition and class payment process that each believe is fair and reasonable, and Defendants have agreed to class action treatment of the claims alleged in the Class/Collective Action Complaint solely for the purpose of compromising and settling those claims on a collective and class basis as set forth herein.

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and between the Parties, that: (a) the Action be fully and finally compromised, settled, and released upon final settlement approval by the Court after the hearings as provided for in this Settlement Agreement; and (b) upon such approval by the Court, a Final Order and Judgment be entered dismissing the Action with prejudice upon the following terms and conditions:

## II.   DEFINITIONS

As used in this Settlement Agreement and the attached exhibits, the following terms have the following meanings, unless this Settlement Agreement specifically provides otherwise:

1.      "Action" shall mean the lawsuit entitled *Hall v. Higher One Machines, Inc., et al.*, pending in the U.S. District Court for the Eastern District of North Carolina, Western Division, which includes the Class/Collective Action Complaint.

2.      The "Complaint" shall mean the Class/Collective Action Complaint, Docket No. 5:15-CV-00670-F.

4

3. "Attorneys' Fees and Expenses" means such funds as may be awarded by the Court to Class Counsel to compensate Class Counsel for their fees and expenses in connection with the Action and the Settlement, as described in Paragraphs 52 through 56 of this Settlement Agreement.

4. "Bar Date" means the final time and date by which a Claim Form for the Log-on and Log-out claims which, pursuant to Paragraphs 36 and 39 of this Agreement, necessitate Claim Forms, must be received by the Settlement Administrator in order for a Class Member to be entitled to any of the settlement consideration contemplated pursuant to said Paragraphs of this Settlement Agreement. The Named Plaintiff does not have to file a Claim Form to be included and she is deemed included and will participate and be bound by the Settlement. Correctly completed and signed Claim Forms (which includes IRS Forms W-4 and W-9) mailed by Class Members to the Settlement Administrator, and postmarked within sixty (60) calendar days after the initial Claim Forms are mailed to the Class Members by the Settlement Administrator, shall be considered timely. Claims Forms that are not postmarked within sixty (60) calendar days after the Claims Forms are initially mailed to the Class Members shall be rejected as untimely and shall not be considered for payment.

5. "Claim Form" means the court-approved form (which includes IRS Forms W-4 and W-9) enclosed in the Class Notice and required to be returned as provided in the Preliminary Approval Order and this Settlement Agreement in the form attached hereto as Exhibit A. The Claim Form will serve as both an opt-in consent to join form under the FLSA and a claim form for purposes of Rule 23 class claims being settled in this Settlement Agreement. All members of the Class will receive a Claim Form with respect to those claims referred to in Paragraphs 36 and 39 below (however, as previously stated, the Named Plaintiff will not receive and does not have to

file a Claim Form to be included and she is deemed included and will participate and be bound by the Settlement).

6.     The Settlement consists of a collective/class action under 29 U.S.C. § 216(b) and a multi-state class action under Fed. R. Civ. P. 23 for Connecticut, Colorado, Delaware, Florida, Georgia, Illinois, Indiana, Kentucky, Maryland, Michigan, New Jersey, North Carolina, Ohio, South Carolina, Texas, Virginia and Washington ("State Classes"). The Class is defined as all home-based customer care agents, and approximately fifty (50) other non-exempt employees for purposes of the Break Time Claims only, who worked for Defendants during the Class Period. The Class Period is from December 28, 2012 through October 31, 2014 for the Log-in/Log-out claims, and December 28, 2012 through February 16, 2016. For the Washington state law sub-classes, the Class Period will commence on December 28, 2009 through the applicable end date as set out above; and for the Kentucky state law sub-classes the Class Period will commence on December 28, 2010 through the applicable end date as set out above ("Class Members"). Excluded from the Class are (a) all persons who are employees, directors, officers, and agents of the Defendants or their affiliated entities; (b) persons who timely and properly exclude themselves from the Class as provided in this Settlement Agreement; (c) the Court, the Court's immediate family, and Court staff; and (d) all counsel of record in the Action.

7.     "Class Counsel" means the law firms of Sommers Schwartz, P.C. and Knott & Boyle, PLLC.

8.     "Class Member(s)" means any member of the Class who does not elect exclusion from the Class pursuant to the terms and conditions for exclusion set out in this Settlement Agreement and the Class Notice.

9. "Class Notice" means the court-approved Notice of Class Action Settlement, substantially in the form attached hereto as Exhibit B.

10. "Court" means the U.S. District Court for the Eastern District of North Carolina, Western Division (District Court Judge Fox).

11. "Defense Counsel" means the law firms of Wiggin and Dana LLC (Pro Hac Vice) and Moore & Van Allen PLLC.

12. "Effective Date" means the date on which the Final Order and Final Judgment (defined below) in the Action becomes "Final." As used in this Settlement Agreement, "Final" means one (1) business day after all of the following conditions have been satisfied:

(a) the Final Order and Final Judgment have been entered; and

(b) if reconsideration and/or appellate review is not sought from the Final Order and Final Judgment, the expiration of the time for the filing or noticing of any motion for reconsideration, appeal, petition, and/or writ, except that if no objection was ruled on (denied) by the court, then this period shall be shortened from 30 days to 21 days; or

(c) if reconsideration and/or appellate review is sought from the Final Order and Final Judgment: (1) the date on which the Final Order and Final Judgment are affirmed and are no longer subject to judicial review, or (2) the date on which the motion for reconsideration, appeal, petition, or writ is dismissed or denied and the Final Order and Final Judgment are no longer subject to judicial review.

13. "Fairness Hearing" means the hearing, or other manner of "dismissal or compromise" as provided by Rule 23(e), that is to take place after the entry of the Preliminary

Approval Order and after the Notice Date for purposes of: (a) entering the Final Order and Final Judgment and dismissing the Action with prejudice; (b) determining whether the Settlement Agreement should be approved as fair, reasonable, and adequate and rule on any objections; (c) ruling upon an application for the Incentive Award by the Named Plaintiff; (d) ruling upon an application by Class Counsel for Attorneys' Fees and Expenses; and (e) entering any final order awarding Attorneys' Fees and Expenses and the Incentive Award. The Parties shall request that the Court schedule the Fairness Hearing or other final disposition manner in compliance with Rule 23 and approximately 90 days from the entry of the preliminary approval order or mailing of CAFA notice, whichever is later.

14.     "Final Order and Final Judgment" means the Court's order and judgment fully and finally approving the Settlement and dismissing the Action with prejudice.

15.     "Notice Date" means the first date upon which the Class Notice is disseminated by mail.

16.     "Opt-Out Form" means the court-approved form enclosed in the Class Notice and required to be returned as provided in the Preliminary Approval Order and this Settlement Agreement in the form attached hereto as Exhibit C.

17.     "Parties" means Defendants and Named Plaintiff collectively, as each of those terms is defined in this Settlement Agreement.

18.     "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement Agreement and proposed Class Notice and notice plan, substantially in the form attached hereto as Exhibit D.

19.     "Qualified Claimant" means a Class Member who has timely submitted a correctly completed and signed Claim Form as required. The Named Plaintiff is also a Qualified Claimant.

20.     "Release" and "Released Claims" means and includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, and causes of action under common law or statutory law (federal, state, or local) of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist as of the Notice Date by the Named Plaintiff and all Class Members (and Named Plaintiff and Class Members' respective heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that were asserted or that could have been reasonably asserted in the Action against and/or between the Released Parties (as hereinafter defined), or any of them, and that arise out of or are related in any way to Defendants' alleged failure to pay for work performed in any position during employment with Defendants, including for unpaid overtime, unpaid wages, and for damages or compensation of any kind for allegedly unpaid work, including for costs, expenses, and attorneys' fees, whether such claim arises under common law or pursuant to state statute, ordinance, or regulation, including all claims under the applicable state wage and hour laws, those claims which were or which could have been brought in the Action, and in the Final Order and Judgment.  By returning a timely Claim Form, and by accepting any of the payments described in this Agreement which do not require submission of a Claim form, each Class Member expressly agrees and acknowledges that he or she has been paid for all hours worked for Defendants during the Class Period, and also releases any claims under the Fair Labor Standards Act. "Released Claims" shall be construed as broadly as possible to affect complete finality over this litigation involving the claims raised in the Action as set forth herein.

21.     "Released Parties" shall be defined and construed broadly to effectuate a complete and comprehensive release, and means the Defendants and each of their respective past, present, and future parents, subsidiaries, directors, affiliates, predecessors and successors-in-interest, and

their respective past, present and future board members, employees, contractors, assigns, attorneys, insurers, agents, advertising agencies, servicers, consultants, executors, administrators, partners, and representatives.

22. "Releasing Parties" means the Named Plaintiff and all Class Members, and each of their respective past, present, and future employees, assigns, contractors, attorneys, agents, advertising agencies, consultants, heirs, guardians, executors, administrators, personal representatives, agents, partners, successors, and predecessors-in-interest.

23. "Settlement" means the settlement embodied in this Settlement Agreement, including all attached Exhibits (which are an integral part of this Settlement Agreement and are incorporated in their entirety by reference).

24. "Settlement Administrator" means the qualified third party administrator and agent agreed to by the Parties to administer the Settlement, including providing the Class Notice.

25. "Settlement Agreement" means this Joint Stipulation of Settlement and Release and its Exhibits, attached hereto and incorporated herein, including all subsequent amendments agreed to in writing by the Parties and any exhibits to such amendments.

26. "Settlement Fund" means the monies that Defendants will pay as the consideration for the release of all claims and the dismissal of the Action as provided in this Settlement Agreement. The Settlement Fund represents the maximum total amount that Defendants shall pay under the terms of this Settlement Agreement, and from which all payments contemplated by this Agreement shall be made except the employer's portion of State and Federal payroll taxes.

27. "Settlement Fund Balance" means the balance remaining in the Settlement Fund after payment of (a) all costs of notice and settlement administration, (b) the Incentive Award to

the Named Plaintiff as approved by the Court ("Incentive Award"), and (c) any unapproved Attorneys' Fees and Expenses.

### III. SUBMISSION OF THE SETTLEMENT TO THE COURT FOR REVIEW AND APPROVAL

28. On or before July 31, 2016, Class Counsel shall file the Joint Motion for Preliminary Approval and seek entry of the Preliminary Approval Order (substantially in the form attached as Exhibit D), by the Court for the purpose of, among other things:

    (a)    Approving the Class Notice, substantially in the form set forth in Exhibit B, of the Settlement Agreement as meeting the requirements of Fed. R. Civ. P 23(c)(2).

    (b)    Finding that the requirements of Fed. R. Civ. P 23(a) and (b)(3) are satisfied, appointing the Named Plaintiff as the representative of the Class and Class Counsel as counsel for the Class, and preliminarily approving the Settlement as being within the range of reasonableness such that the Class Notice should be provided pursuant to this Settlement Agreement;

    (c)    Scheduling the Fairness Hearing pursuant to Fed. R. Civ. P 23(e) on a date ordered by the Court, provided in the Preliminary Approval Order, and in compliance with applicable law, to determine whether the Settlement should be approved as fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered dismissing the Action with prejudice;

    (d)    Determining that the notice of the Settlement and of the Fairness Hearing (i.e., the Class Notice), as set forth in this Settlement Agreement, complies with all legal requirements, including but not limited to the Due Process

Clause of the United States Constitution and Fed. R. Civ. P. 23;

(e)     Directing that Class Notice shall be given to the Class as provided in the Settlement Agreement;

(f)     Providing that any objections by any Class Member to the certification of the Class and the proposed Settlement contained in this Settlement Agreement, and/or the entry of the Final Order and Judgment, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if, on or before the date(s) specified in the Class Notice and Preliminary Approval Order, such objector files with the Court a written objection and notice of the objector's intention to appear, and otherwise complies with the requirements in the Settlement Agreement;

(g)     Establishing dates by which the Parties shall file and serve all motion papers in support of the application for final approval of the Settlement, Attorneys' Fees and/or in response to any valid and timely objections;

(h)     Providing that all Class Members will be bound by the Final Order and Judgment dismissing the Action with prejudice unless such Class Members timely file valid written requests for exclusion as specified in this Settlement Agreement and the Class Notice;

(i)     Providing that Class Members wishing to exclude themselves from the Settlement will have until the date specified in the Class Notice and the Preliminary Approval Order to submit a valid written request for exclusion to the Settlement Administrator;

12

(j)     Providing a procedure for Class Members to request exclusion from the Settlement;

(k)     Directing the Parties, pursuant to the terms and conditions of this Settlement Agreement, to take all necessary and appropriate steps to establish the means necessary to implement the Settlement;

(l)     Pending the Fairness Hearing, staying all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of this Settlement Agreement and the Preliminary Approval Order; and

(m)    Pending the Fairness Hearing, enjoining the Named Plaintiff and Class Members, or any of them, from commencing or prosecuting, either directly or indirectly, any action in any forum (state or federal) asserting any of the Released Claims.

29.     Following the entry of the Preliminary Approval Order, the Class Notice shall be given and published in the manner directed and approved by the Court.

30.     At the Fairness Hearing, the Parties shall seek to obtain from the Court a Final Order and Judgment that shall, among other things:

(a)     Find that the Court has personal jurisdiction over all Class Members, the Court has subject matter jurisdiction over the claims asserted in the Action, and that venue is proper;

(b)     Finally approve this Settlement Agreement and the Settlement pursuant to Rule 23(e);

(c)     Certify the Class for purposes of settlement only;

13

(d)     Find that the notice to the Class complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;

(e)     Incorporate the Release set forth in this Stipulation and Settlement Agreement and make the Release effective as of the date of the Final Order and Judgment;

(f)     Authorize the Parties to implement the terms of the Settlement;

(g)     Dismiss the Action with prejudice;

(h)     Award Attorneys' Fees and Expenses and the Incentive Award; and

(i)     Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of this Settlement Agreement, the Final Order and Judgment, any final order approving Attorneys' Fees and Expenses and Incentive Awards, and for any other necessary purpose.

31.     The Parties agree that the notice plan contemplated by this Settlement Agreement is valid and effective, that if effectuated, it would provide reasonable notice to the Class, and that it represents the best practicable notice under the circumstances.

## IV.     THE SETTLEMENT CONSIDERATION

32.     Defendants will pay the sum of Nine Hundred Sixty-Four Thousand Six Hundred Thirty-Seven Dollars and Eighty-Five Cents ($964,637.85) to create the Settlement Fund for the benefit of eligible Class Members pursuant to the terms of this Settlement Agreement. This amount consists of the following components: Nine Hundred Four Thousand Six Hundred Thirty-Seven Dollars and Eighty-Five Cents ($904,637.85) for payment of Class member damages as set

forth in Paragraph 39; Fifty Thousand Dollars and no/cents ($50,000.00) for payment of settlement administration expenses and reimbursement of Class Counsel expenses; and Ten Thousand Dollars and no/cents ($10,000.00) for payment of Named Plaintiff's Incentive Award. Unapproved Class Counsel expenses, Attorneys' Fees, Incentive Award, Settlement Administration Costs or unapproved or unclaimed Log-in/Log-out payments shall not revert back to Defendants but be added to the pro-rata payments to Class Members for the Log-in/Log-out claims.

33.     Defendants' payments to the Settlement Fund shall proceed as follows: (a) Initial Deposit:  within thirty (30) calendar days after the entry of the Preliminary Approval Order, Defendants shall pay the sum of Fifty Thousand Dollars ($50,000.00) (the "Initial Deposit") to the Settlement Administrator for the expenses incurred for the notice and administration process; (b) within fourteen (14) calendar days after the Final Approval Order is entered, Defendants shall pay an amount equal to the Settlement Fund less the Initial Deposit into an escrow account (the "Escrow Account") to be administered by the Settlement Administrator pursuant to the terms of the Settlement Agreement. All amounts paid to Class Members, costs of notice and administration, the Incentive Award to the Named Plaintiff as approved by the Court, and the Attorneys' Fees and Expenses, shall be paid from the Settlement Fund. The Settlement Fund shall represent the full and total extent of Defendants' payment obligations, except for the employer's portion of state and federal payroll taxes which shall be borne by Defendants. In no event shall Defendants be liable for payment of any costs, expenses or claims beyond their Initial Deposit and Balance payment into the Settlement Fund. The Parties may mutually agree to any extension of any deadline pursuant to this Settlement Agreement, subject to Court approval.

34.     The Parties must approve any payment of costs or expenses under this Paragraph, and such approval shall not be unreasonably withheld.

15

35.     Class Members shall be eligible for relief from the Settlement Fund as provided for in this Settlement Agreement subject to the terms and conditions applicable to them.

36.     Each Class Member who timely files a completed and signed Claim Form as required for Log-in/Log-out payments described in Paragraph 39(a) shall be eligible for relief from the Settlement Fund Balance as specifically provided in Section 39(a) of this Settlement Agreement, and shall be deemed to have opted into the case for purposes of their FLSA claims and any applicable Rule 23 class claims. They will not have opted out for Rule 23 purposes.

37.     Each claimant who timely files an Opt-Out Form will be deemed as not having joined the Class as an opt-in for FLSA claims and to have opted out of the Rule 23 class. In other words, Class Members may not participate in the Settlement for one claim and not the other; it must be both.

38.     A Class Member who does nothing (files no form) will be deemed as not having joined the case as an opt-in for purposes of the FLSA claims, but will be in the Rule 23 class. To opt out of the Rule 23 class a Class Member must file a timely Opt-Out Form.

39.     Each Qualified Claimant shall receive a settlement payment from the Settlement Fund as follows:

(a)     <u>For the claim relating to time spent to Log-on and Log-out of Defendants' systems</u>, ("Log-in/Log-out Claims") for all work weeks from December 28, 2012 to October 31, 2014 (i.e., the date Defendants' Log-in/Log-out procedure policy change); such claim will be resolved by making a payment to the Class Members in an amount to be determined by adding 6.0 minutes per day worked based on the actual time records of each Class Member and based on the Class Member's regular hourly rate.

(b)　　　<u>For the "Rest Break" claims</u>, for all work weeks during the Class Period from December 28, 2012 to the date of the preliminary approval of this Settlement, such claims will be resolved by Defendants making a payment to each Class Member for rest breaks they took during each shift they worked that the law requires be counted as compensable work time. Specifically, Defendants will pay Class Members for all time taken for any breaks any Class Member took during his/her employment during the Class Period which lasted twenty (20) minutes or less, calculated based on the Class Member's actual time and pay records, and their actual hourly rate, which amount will then be doubled to account for liquidated damages.

(c)　　　Defendants shall calculate what portion, if any, of added time pursuant to subsections (a) and (b) above results in the Class Member's work hours exceeding 40.0 hours during any work week. In such event, Defendants shall make an additional payment to the Class Member to account for such unpaid overtime wages.

(d)　　　Defendants' calculations of the total amount of damages for each Class Member pursuant to subsections (a) through (c) above, which calculations are to be based on each Class Member's actual time, pay records, and hourly rates, shall be deemed reliable and conclusive for settlement purposes, and shall hereafter be referred to as "Class Damages".

40.　　Class Notice will be issued with a Claim Form for the Log-in/Log-out claims. Only Class Members who submit a timely claim form attesting that they experienced unpaid Log-in and Log-out time will be eligible for payment for such compensable time. For any additional amounts

17

that are unclaimed, each eligible Class Member will receive their pro-rata share of the unclaimed amount calculated under Paragraph 39(a) based on their respective work weeks.

41.     For the Rest Break claims, there will be no requirement for a Claim Form.

42.     Within seven (7) days of the claims period closing, Defendants will provide the Settlement Administrator with the necessary time and pay records for the Qualified Claimants. Within seven (7) days of receiving the records, the Settlement Administrator will make the calculations described in Paragraph 39 (from the employment records and data provided by Defendants) for the Qualified Claimants and provide the calculations and underlying data to the lead counsel for both sides.

43.     The Settlement Administrator will review the calculations made pursuant to Paragraph 39(d) for all Qualified Claimants and provide any proposed changes to those calculations to Class Counsel. The Parties will have seven (7) calendar days to review and dispute the calculations in writing or they will be final. Any dispute with the proposed changes by either Party will be submitted to the Court for resolution.

44.     No Class Member will receive any benefits prior to the Effective Date.

45.     Each Class Member will receive one check in an amount representing back wages owed pursuant to Paragraph 39 and for which withholdings taxes shall be paid and an IRS Form W-2 shall be issued. Each Class Member will also receive a second check in an equal amount representing liquidated damages only relative to the break time payment (i.e., pursuant to Paragraph 39(b), for which no withholding shall be made and an IRS Form 1099 shall be issued.

46.     The Administrator shall send such checks to each Class Member (per the calculations described above) within 45 days from the date of the Court's Approval of the Settlement Agreement.

47.     The checks issued to the Class Members will be valid for 90 days.  Any checks not cashed within 90 days of the date the check is mailed will be void and a stop-pay may be placed on these checks by the Settlement Administrator.  Unclaimed checks for Break Time payments will then revert back to Defendants.

48.     Checks issued will expressly indicate the 90-day deadline.  In such event, the Class Member failing to negotiate the settlement check will be deemed to have waived irrevocably any right in or claim to any monetary share or portion of the Settlement, but the Settlement Agreement nevertheless will be binding upon that Class Member. For the Break Time checks which revert to Defendants, the Settlement Administrator shall issue a single lump-sum payment to Defendants for all such uncashed settlement checks. Such remittitur to Defendants shall be made by the Settlement Administrator within ten (10) days of the date on which the Settlement Administrator issues the last stop-pay order on any settlement check under the terms of this Paragraph.

## Taxes

49.     As set forth in Paragraph 45 above, the Parties agree that for tax purposes, certain payments will be treated as wages and certain payments as non-wage damages and interest. Defendants shall pay the employer's share of all state and federal payroll taxes imposed by applicable law, including the employer's share of the FICA tax and any federal and state unemployment tax due, with respect to the amounts treated as wages.

50.     Qualified Claimants will be solely and exclusively responsible for all taxes, interest and penalties of any nature, owed with respect to any payment received by them pursuant to this Settlement Agreement (other than taxes paid by Defendants per this Agreement) and will indemnify and hold Defendants, Class Counsel, the Related Parties, and the Settlement

Administrator harmless from and against any and all taxes, penalties, and interest of any nature assessed as a result of a Qualified Claimant's failure to timely and properly pay such taxes.

## V. NOTICE TO THE CLASS

51. The Parties shall jointly recommend and retain the Settlement Administrator. The Settlement Administrator shall be required to agree in writing to treat information it receives or generates as part of the settlement administration process as confidential and to use such information solely for purposes of settlement administration under this Settlement Agreement. Following the Court's preliminary approval of this Settlement Agreement, Defendants shall, within ten (10) days, provide the final class list with the last known mailing addresses for mailing of Notice purposes to the Settlement Administrator, who, in turn, shall within fourteen (14) days of receipt of the class list with mailing addresses, mail via First Class United States mail, the Class Notice and Claim Form to all Class Members using each individual's last known address as recorded in Defendants' records, or as provided by Class Counsel (each, a "Notice"). The mailings shall be done in accordance with assistance from Defendants' Counsel, to the extent necessary and in order to minimize settlement administration costs. If a Notice mailed to a Class Member is returned with a forwarding address provided by the Postal Service, it shall be re-mailed to the forwarding address provided. If a Notice mailed is designated as undeliverable by the Postal Service or otherwise designated by the Postal Service as having been sent to an invalid address, the Settlement Administrator shall take reasonable steps to obtain the correct address of any Class Member and shall attempt to re-mail the notice no more than one additional time, for a total of two mailings.

## VI.   ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARD

52.     In recognition of the time and effort of the Named Plaintiff in pursing this Action, Class Counsel will ask the Court for the payment of an Incentive Award from the Settlement Fund in the amount of Ten Thousand Dollars ($10,000.00), which shall be deducted from the Settlement Fund as provided above and paid by the Settlement Administrator from the Escrow Account. Class Counsel will request the Court to award Attorneys' Fees in the Action that will not exceed thirty-three and one-third percent (33-1/3%) of the Settlement Fund and equal to the amount of Three Hundred Twenty-One Thousand Five Hundred Forty-Five Dollars and Ninety-Five Cents ($321,545.95) for time incurred up to the Fairness Hearing, and anticipated time spent through closure of the settlement claims process.

53.     Class Counsel will also request the Court to award from the Settlement Fund reimbursement of actual costs ("Expenses") incurred in the Action.

54.     Defendants will not oppose the request for Attorneys' Fees and Expenses by Class Counsel under these terms, but the amount of the Attorneys' Fees and Expenses will be determined by the Court, and in no event shall Defendants be obligated to pay any amount in excess of the Settlement Fund.

55.     Class Counsel shall have the sole and absolute discretion to allocate the Attorneys' Fees and Expenses among Class Counsel and any other attorneys for Named Plaintiff. Defendants shall have no liability, obligation, participation in or other responsibility for allocation of any such Attorneys' Fees and Expenses awarded. Sommers Schwartz, P.C. shall be responsible for distributing any awarded attorneys' fees and costs among Class Counsel.

56.     The Parties agree that the procedure for and the allowance or disallowance by the Court of any application for attorneys' fees, costs, expenses, or reimbursement to be paid to Class

Counsel will be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement of the Released Claims as set forth in this Settlement Agreement. Any such separate order, finding, ruling, holding, or proceeding relating to any such applications for attorneys' fees and expenses, or any separate appeal from any separate order, finding, ruling, holding, or proceeding relating to them or reversal or modification of them, shall not operate to modify, terminate or cancel this Settlement Agreement or otherwise affect or delay the effectiveness or finality of the Final Order and Judgment or the Settlement.

## VII.   RELEASE AND DISMISSAL OF ACTION

57.     Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties. The Released Claims shall be construed as broadly as possible to affect complete finality over this litigation involving the claims alleged in the Action and as set forth herein.

58.     Members of the Class who have requested exclusion from the Settlement by the date set by the Court do not release their claims and will not obtain any benefits of the Settlement.

59.     Upon the Effective Date, the Action shall be dismissed with prejudice. Named Plaintiff and Class Counsel shall have the responsibility for ensuring that the Action is dismissed with prejudice in accordance with the terms of this Settlement Agreement.

60.     The Court shall enter an order retaining jurisdiction over the Parties to this Settlement Agreement with respect to the future performance of the terms of this Settlement Agreement. In the event that any applications for relief are made, such applications shall be made to the Court.

22

61.     Upon the Effective Date: (a) this Settlement Agreement shall be the exclusive remedy for any and all Released Claims of the Named Plaintiff and Class Members; and (b) Named Plaintiff and the Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

## VIII.   ADMINISTRATION OF THE SETTLEMENT

62.     Because the names of Class Members and other personal information about them will be provided to the Settlement Administrator for purposes of providing cash benefits and processing exclusion requests, the Settlement Administrator will execute a confidentiality and non-disclosure agreement with Defendants and Class Counsel and will take all reasonable steps to ensure that any information provided to it by Class Members will be used solely for the purpose of effecting this Settlement.

63.     In fulfilling its responsibilities in providing Class Notice, the Settlement Administrator shall be responsible for, without limitation, consulting on and designing the notice to the Class. In particular, the Settlement Administrator shall be responsible for: (a) arranging for the printing and dissemination of the Notice pursuant to the requirements of this Settlement Agreement; (b) responding to requests from Class Counsel and/or Defense Counsel; (c) receiving and maintaining any Class Member correspondence regarding requests for exclusion and objections to the Settlement; (d) forwarding inquiries from Class Members to Class Counsel or their designee for a response, if warranted; (e) establishing a post office box for the receipt of exclusion requests and any correspondence; and (f) otherwise implementing and/or assisting with the claim review process and payment of the claims.

23

64.     The Settlement Administrator shall administer the Settlement in accordance with the terms of this Settlement Agreement and, without limiting the foregoing, shall:

(a)     Treat any and all documents, communications and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications or other information to any person or entity except as provided for in this Settlement Agreement or by court order;

(b)     Receive exclusion and other requests and correspondence from Class Members to exclude themselves from the Settlement and provide to Class Counsel and Defense Counsel a copy thereof within three (3) days of receipt. If the Settlement Administrator receives any exclusion forms or other requests from Class Members to exclude themselves from the Settlement after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide Class Counsel and Defense Counsel with copies thereof; and

(c)     Receive and maintain all correspondence from any Class Member regarding the Settlement.

65.     The Settlement Administrator shall be reimbursed from the Settlement Fund for reasonable costs, fees, and expenses of providing notice to the Class and administering the Settlement in accordance with this Settlement Agreement in accordance with the approved contract terms. Any approved expense of the Settlement Administrator in excess of the $50,000 amount paid by Defendants must be covered by the Settlement Fund. 67. No person shall have any claim against Defendants, Defense Counsel, Named Plaintiff, the Class Members, Class Counsel,

and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement Agreement.

66.     Not later than seven (7) calendar days before the date of the Fairness Hearing, the Settlement Administrator shall file with the Court a list of those persons who have excluded themselves from the Settlement.69. The Settlement Administrator shall distribute benefits to eligible Qualified Claimants on a date that occurs only after the Effective Date.

67.     If the Settlement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made pursuant to this Settlement Agreement, except for the costs and expenses of the Settlement Administrator for which the Named Plaintiff shall be responsible.

68.     In the event the Settlement Administrator fails to perform its duties, and/or makes a material or fraudulent misrepresentation to, or conceals requested material information from, Class Counsel, Defendants, and/or Defense Counsel, then the party to whom the misrepresentation is made shall, in addition to any other appropriate relief, have the right to demand that the Settlement Administrator immediately be replaced. No party shall unreasonably withhold consent to remove the Settlement Administrator. The Parties will attempt to resolve any disputes regarding the retention or dismissal of the Settlement Administrator in good faith, and, if they are unable to do so, will refer the matter to the Court for resolution.

69.     The Settlement Administrator shall coordinate with the attorneys to provide notice as required by Rule 23 and ordered by the Court.

## IX.     OBJECTIONS AND REQUESTS FOR EXCLUSION BY CLASS MEMBERS

70.     Members of the Class who fail to file with the Court and serve upon the Settlement Administrator, Class Counsel, and Defense Counsel timely written objections in the manner

specified in this Settlement Agreement and the Class Notice shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

71.     Any Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Settlement must, in addition to timely filing a written objection with the Court, send the written objection by U.S. mail to the Settlement Administrator with a copy by U.S. mail to Class Counsel and Defense Counsel postmarked no later than the date specified in the Preliminary Approval Order (currently 45 days after notice is mailed). Class Members who object must set forth: (a) their full name; (b) current address; (c) a written statement of their objection(s) and the reasons for each objection; (d) a statement of whether they intend to appear at the Fairness Hearing; (e) their signature; and (f) the case name and case number Objections must be served on Class Counsel and Defense Counsel as follows:

Upon Class Counsel at:

      SOMMERS SCHWARTZ, P.C.
      Kevin J. Stoops
      One Towne Square, Suite 1700
      Southfield, Michigan 48076
      Fax: (248) 436-8453

Upon Defense Counsel at:

      WIGGIN and DANA LLP
      Mary A. Gambardella
      281 Tresser Blvd., 7th Floor
      Stamford, CT  06901
      Fax:  (203) 363-7676

      MOORE & VAN ALLEN PLLC
      Benjamin P. Fryer
      Daniel L. Gude
      100 North Tryon Street, Suite 4700
      Charlotte, NC  28202-44418

72.     No Class Member shall be entitled to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Fairness Hearing, unless written notice of the objecting Class Member's intention to appear at the Fairness Hearing and copies of any written objections and/or briefs shall have been filed and served on the Settlement Administrator, Class Counsel, and Defense Counsel on or before the date specified in the Preliminary Approval Order. Objections that are mailed to the Court, or objections that are served on the Parties but not filed with the Court, shall not be received or considered by the Court at the Fairness Hearing.

73.     Members of the Class may elect to be excluded from the Settlement, relinquishing their rights to benefits hereunder.  If a Class Member elects to be excluded from the Settlement, such exclusion will apply to any and all wage related claims that were potentially eligible for benefits under the Settlement Agreement. Members of the Class who request to be excluded from the Settlement will not release their claims pursuant to this Settlement Agreement. Putative class members wishing to be excluded from the Settlement must complete and timely submit an Opt-Out Form. Any Opt-Out Form must be postmarked on or before the exclusion deadline provided in the Court's Preliminary Approval Order. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether an Opt-Out Form was timely submitted. Members of the Class who fail to submit a valid and timely Opt-Out Form on or before the date specified in the Court's Preliminary Approval Order shall be bound by all terms of this Settlement Agreement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement.

74.     Any member of the Class who submits a timely Opt-Out Form may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this

Settlement Agreement, including objecting to the Settlement Agreement. The Settlement Administrator shall promptly provide copies of all Opt-Out Forms, objections, and/or related correspondence from Class Members to Class Counsel and Defense Counsel. Not later than one (1) business days after the deadline for submission of requests for exclusion, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a complete exclusion list together with copies of the requests for exclusion and any additional information to this Agreement.

75.    If more than 5% of the Class Members exercise their right to opt out and be excluded from the Class and the Agreement, Defendants shall have the right, notwithstanding any other provisions in this Agreement, to withdraw from the Agreement and Settlement, where upon the Agreement will become null and void for all purposes, and may not be used or introduced in further litigation or any other proceeding of any kind, as to liability, damages, or any other matter, including whether any class/collective is certifiable. To be effective, Defendants must confirm their election to withdraw from the settlement in writing no later than five (5) business days after the close of the claims period.

76.    On the date set forth in the Preliminary Approval Order, a Fairness Hearing shall be conducted to determine final approval of the Settlement. A Motion in support of the Final Approval and Fairness Hearing shall be filed no later than three (3) calendar days before the Hearing date. Upon final approval of the Settlement by the Court at or after the Fairness Hearing, the Parties shall present the Final Order and Judgment to the Court for approval and entry.

## X.    SCOPE AND EFFECT OF CONDITIONAL CERTIFICATION OF THE CLASS SOLELY FOR PURPOSES OF SETTLEMENT

77.    For purposes of settlement only, the Parties agree to seek provisional certification of the Class. The Parties further agree that they will ask the Court to make preliminary findings

28

and enter the Preliminary Approval Order (substantially in the form attached at Exhibit "D") granting provisional certification of the Class subject to final findings and ratification in the Final Order and Judgment, and appointing the Named Plaintiff as the representatives of the Class and Class Counsel as counsel for the Class.

78.     Defendants do not consent to certification of the Class for any purpose other than to effectuate the Settlement of the Action. Defendants' agreement to conditional/class certification does not constitute an admission of wrongdoing, fault, liability, or damage of any kind to Named Plaintiff or any of the putative class members.

79.     If this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Class for purposes of effectuating this Settlement Agreement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to the procedural status quo in accordance with this paragraph. Class Counsel shall not refer to or invoke the vacated findings and/or order relating to class settlement in the event this Settlement Agreement is not consummated and the case is later litigated and contested by Defendants.

## XI.     CONFIDENTIALITY AND AFFIRMATION BY CLASS COUNSEL

80.     All Counsel warrant and represent that they are expressly authorized to take all appropriate action required or permitted to be taken pursuant to this Agreement. All Counsel further warrant and represent that they do not represent any individual who wishes to bring any claim against Defendants based upon allegations similar to those alleged in this Litigation. Class

Counsel represent that they have filed consent forms for every individual who has contacted them and indicated a desire to participate in this or similar Action against Defendants, and all Counsel are aware of no other individual who wishes to participate in this Action. All Counsel further warrant and represent that they and the Named Plaintiff have removed, to the extent possible, any advertisements, postings, notices, publications, or other communications about this Action. To the extent permitted by the ethics rules, all Counsel will not post, issue, or publish any further communication about the Action, this Agreement, or the terms of the Parties' Settlement, except as authorized by the Court to provide Class Notice as stated in this Agreement. Neither Named Plaintiff nor Class Counsel shall distribute any press release, respond to any media inquiries, make any statements to the press, or hold any press conference concerning this Agreement or its terms. At no time may Named Plaintiff or Class Counsel disclose this Agreement or its terms to any employee or former employee of Defendants who is not entitled to receive the Class Notice as stated in this Agreement, except as required by law or order of this Court, or as may be necessary to enforce the terms of this Agreement, and any such disclosure must be consistent with the Class Notice provided for in this Agreement.

## XII.   RETENTION OF RECORDS

81.     The Parties and Settlement Administrator shall retain all returned Settlement Class Notices and Claim Forms and correspondence from Class Members, in either original format or electronic duplicate, for a period of up to one year after the Effective Date. After this time, the Parties and Settlement Administrator may destroy any such records that they have in their possession.

82.     Within 60 days after the Effective Date, Class Counsel shall return to Defendants, through Defense Counsel, or destroy all confidential documents, data and information, and all

copies thereof in their possession, custody, or control, provided to Class Counsel or anyone they employed or retained in this Action. Class Counsel shall deliver a letter to Defendants, through Defense Counsel, certifying their compliance with this paragraph.

### XIII. MODIFICATION OR TERMINATION OF THE SETTLEMENT

83. The terms and provisions of this Settlement Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however that, after entry of the Final Order and Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all exhibits hereto) without further notice to the Class or approval by the Court if such changes are consistent with the Court's Final Order and Final Judgment and do not materially alter, reduce or limit the rights of Class Members under this Settlement Agreement.

84. In the event the terms or conditions of this Settlement Agreement, other than terms pertaining to the Attorneys' Fees and Expenses and/or the Incentive Award, are materially modified by any court, either party in its sole discretion to be exercised within fourteen (14) days after such a material modification may declare this Settlement Agreement null and void. In the event that a Party exercises his/her/its option to withdraw from and terminate this Settlement Agreement, then the Settlement proposed herein shall become null and void and shall have no force or effect, the Parties shall not be bound by this Settlement Agreement, and the Parties will be returned to their respective positions existing immediately before the execution of this Settlement Agreement. Notwithstanding the foregoing paragraph, in the event this Settlement Agreement is not approved by any court, or the Settlement set forth in this Settlement Agreement is declared null and void, or in the event that the Effective Date does not occur, Class Members, Named Plaintiff, Class Counsel, and Defense Counsel shall not in any way be responsible or liable

31

for any costs of notice and administration associated with this Settlement or this Settlement Agreement, except that each Party shall bear its own attorneys' fees and costs and Defendants' future payment obligations shall cease.

## XIV. SETTLEMENT IS NOT EVIDENCE AGAINST PARTIES

85. The Parties expressly acknowledge and agree that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408 and any equivalent state law or rule. In no event shall this Settlement Agreement, any of its provisions or any negotiations, statements or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce this Settlement Agreement or the rights of the Parties or their counsel. Without limiting the foregoing, neither this Settlement Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, Defendants, the Released Parties, Named Plaintiff, or the Class, or as a waiver by Defendants, the Released Parties, Named Plaintiff, or the Class of any applicable privileges, claims or defenses.

86. The provisions contained in this Settlement Agreement are not and shall not be deemed a presumption, concession, or admission by Defendants of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, nor shall they be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative. Defendants expressly deny the allegations in the Action. Defendants do not admit that they or any of the Released Parties have engaged in any wrongful activity or that any person has sustained any damage by reason of any of the facts complained of

33

in the Action. Defendants do not consent to certification of the Class for any purpose other than to effectuate the Settlement of the Action.

## XV.   BEST EFFORTS

87.    Class Counsel shall take all necessary actions to accomplish approval of the Settlement, the Class Notice, and dismissal of the Action. The Parties (including their counsel, successors, and assigns) agree to cooperate fully and in good faith with one another and to use their best efforts to effectuate the Settlement, including without limitation in seeking preliminary and final Court approval of this Settlement Agreement and the Settlement embodied herein, carrying out the terms of this Settlement Agreement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement. In the event that the Court fails to approve the Settlement or fails to issue the Final Order and Judgment, the Parties agree to use all reasonable efforts, consistent with this Settlement Agreement to cure any defect identified by the Court.

88.    Each Party will cooperate with the other Party in connection with effectuating the Settlement or the administration of claims thereunder. Any requests for cooperation shall be narrowly tailored and reasonably necessary for the requesting Party to recommend the Settlement to the Court, and to carry out its terms.

## XVI.  MISCELLANEOUS PROVISIONS

89.    The Parties agree that the recitals are contractual in nature and form a material part of this Settlement Agreement.

90.    This Settlement Agreement and its accompanying Exhibits set forth the entire understanding of the Parties. No change or termination of this Settlement Agreement shall be

effective unless in writing and signed by Class Counsel and Defense Counsel. No extrinsic evidence or parol evidence shall be used to interpret this Settlement Agreement.

91.     Any and all previous agreements and understandings between or among the Parties regarding the subject matter of this Settlement Agreement, whether written or oral, are superseded and hereby revoked by this Settlement Agreement. The Parties expressly agree that the terms and conditions of this Settlement Agreement will control over any other written or oral agreements.

92.     All of the Parties warrant and represent that they are agreeing to the terms of this Settlement Agreement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Settlement Agreement with their attorneys and that the terms and conditions of this document are fully understood and voluntarily accepted.

93.     The Parties agree to support the final approval and implementation of this Agreement and defend it against objections, appeal, or collateral attack.  Neither the Parties nor their Counsel, directly or indirectly will encourage any person to object to the Settlement.

94.     The waiver by any Party of a breach of any term of this Settlement Agreement shall not operate or be construed as a waiver of any subsequent breach by any Party. The failure of a Party to insist upon strict adherence to any provision of this Settlement Agreement shall not constitute a waiver or thereafter deprive such Party of the right to insist upon strict adherence.

95.     The headings in this Settlement Agreement are inserted merely for the purpose of convenience and shall not affect the meaning or interpretation of this document.

96.     This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same

instrument. The date of execution shall be the latest date on which any Party signs this Settlement Agreement.

97.     This Settlement Agreement has been negotiated among and drafted by Class Counsel and Defense Counsel. Named Plaintiff, Class Members, and Defendants shall not be deemed to be the drafter of this Settlement Agreement or of any particular provision, nor shall they argue that any particular provision should be construed against its drafter. Accordingly, this Settlement Agreement should not be construed in favor of or against one Party as to the drafter, and the Parties agree that the common law principles of construing ambiguities against the drafter shall have no application. All Parties agree that counsel for the Parties drafted this Settlement Agreement during extensive arms' length negotiations. No parol or other evidence may be offered to explain, construe, contradict, or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which this Settlement Agreement was made or executed.

98.     Defendants represent and warrant that the individual(s) executing this Settlement Agreement are authorized to enter into this Settlement Agreement on behalf of Defendants.

99.     Any disagreement and/or action to enforce this Settlement Agreement shall be commenced and maintained only in the Court in which the Action is pending.

100.     If any deadline provided for in this agreement falls on a Holiday or weekend, it shall be advanced to the next business day. All other dates following such an advancement shall remain unaffected.

101.     Whenever this Settlement Agreement requires or contemplates that one of the Parties shall or may give notice to the other, notice shall be provided by e-mail and/or next-day (excluding Saturdays, Sundays and Legal Holidays) express delivery service as follows:

Upon Class Counsel at:

36

Kevin J. Stoops
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076

W. Ellis Boyle
KNOTT & BOYLE, PLLC
4800 Six Forks Road, Suite 100
Raleigh, NC 27609

Upon Defendants' Counsel at:

Mary A. Gambardella
WIGGIN and DANA LLP
281 Tresser Blvd., 7th Floor
Stamford, CT 06901

Benjamin P. Fryer
Daniel L. Gude
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-44418

102.    The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

103.    This Settlement Agreement may be signed with a facsimile signature and in counterparts, each of which shall constitute a duplicate original.

104.    The Parties believe that this Settlement Agreement is a fair, adequate, and reasonable settlement of the Action, and they have arrived at this Settlement through arms'-length negotiations, taking into account all relevant factors, present and potential.

IN WITNESS WHEREOF, the Parties hereto, and intending to be legally bound hereby, have duly executed this Settlement Agreement as of the date set forth below.

**NAMED PLAINTIFF:**

Date: 07/19/2016        By: _~Pat Hall~_

Printed Name: Patricia Hall

**DEFENDANTS: HIGHER ONE MACHINES, INC.; HIGHER ONE, INC.; HIGHER ONE HOLDINGS, INC.**

Higher One Machines, Inc., Higher One, Inc., and Higher One Holdings, Inc.

Date:_____        By:_____

Printed Name:_____
Title:_____

_____        Date: _____
Kevin Stoops, Class Counsel
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076

_____        Date: _____
Mary A. Gambardella, Defense Counsel
WIGGIN and DANA LLP
281 Tresser Blvd., 7th Floor
Stamford, CT 06901

16873\78\3483517.v1

38

IN WITNESS WHEREOF, the Parties hereto, and intending to be legally bound hereby,

have duly executed this Settlement Agreement as of the date set forth below.

**NAMED PLAINTIFF:**

Date:_____    By:_____

                         Printed Name:  Patricia Hall


**DEFENDANTS: HIGHER ONE MACHINES, INC.; HIGHER ONE, INC.; HIGHER ONE HOLDINGS, INC.**

Higher One Machines, Inc., Higher One, Inc., and Higher One Holdings, Inc.

Date: 7/20/16          By:_____

                         Printed Name: MARC Shernbaum

                         Title: CEO


_____      Date: _____

Kevin Stoops, Class Counsel
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan  48076


_____      Date: _____

Mary A. Gambardella, Defense Counsel
WIGGIN and DANA LLP
281 Tresser Blvd., 7th Floor
Stamford, CT  06901


16873\78\3483517.v1

IN WITNESS WHEREOF, the Parties hereto, and intending to be legally bound hereby, have duly executed this Settlement Agreement as of the date set forth below.

**NAMED PLAINTIFF:**

Date:_____    By:_____

                                Printed Name:  Patricia Hall

**DEFENDANTS: HIGHER ONE MACHINES, INC.; HIGHER ONE, INC.; HIGHER ONE HOLDINGS, INC.**

Higher One Machines, Inc., Higher One, Inc., and Higher One Holdings, Inc.

Date:_____    By:_____

                                Printed Name:_____

                                Title:_____

_____    Date:  7/19/16

Kevin Stoops, Class Counsel
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan  48076

_____    Date: _____

Mary A. Gambardella, Defense Counsel
WIGGIN and DANA LLP
281 Tresser Blvd., 7th Floor
Stamford, CT  06901

16873\78\3483517.v1

38

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## No. 5:15-CV-00670-F

PATRICIA HALL, individually
and on behalf of others similarly situated,

                Plaintiff,

    v.

HIGHER ONE MACHINES, INC.,
HIGHER ONE INC., and
HIGHER ONE HOLDINGS, INC.,

           Defendants.

# INDEX OF EXHIBITS – SETTLEMENT AGREEMENT

Exhibit A      Claim Form

Exhibit B      Class Notice

Exhibit C      Opt-Out Form

Exhibit D      Proposed Order for Preliminary Approval of Class and Collective Action Settlement, Approval of Notice to Class, and Setting of a Final Fairness Hearing

# EXHIBIT A

# CLAIM FORM

## *Hall v. Higher One Machines, Inc., et al.*
### *Case No. 5:15-cv-00670-F*

If you wish to participate in the Settlement and receive a Settlement Award, you must fully complete, sign, and date this Claim Form and the IRS Forms W-4 and W-9 and mail them to the Settlement Administrator at the following address via First Class United States Mail, postmarked on or before *[45 days from initial mailing]*:

### *[Insert Settlement Administrator Address]*

If your Claim Form and the IRS Forms W-4 and W-9 are not postmarked on or before *[45 days from initial mailing]*, you will not be eligible to receive a Settlement Award.

It is your responsibility to keep a current address on file with the Settlement Administrator. Please make sure to notify the Settlement Administrator of any changes of address or you may not receive your settlement benefits.

[To be pre-inserted by Settlement Administrator:]  [To be provided by employee:]

Name and Current Address

Claim Number:_____  _____

Name:_____  _____

Address:_____  _____

City, State Zip Code:_____  Telephone No._____

By signing below, I confirm that I was employed as an hourly home-based customer care agent or non-customer care/non-exempt employee for Higher One Machines, Inc., Higher One, Inc., or Higher One Holdings, Inc., at some point from December 28, 2012 through October 31, 2014 I also declare under penalty of perjury the following: (i) I have received and had an opportunity to review the Notice of Class Action Settlement ("Notice"); (ii) I am agreeing to the release of claims described in the Notice; (iii) I will be bound by the other terms of the Settlement described in the Notice; (iv) I experienced unpaid log-in and log-out time during my employment with Defendants; and (v) I submit to the personal and exclusive jurisdiction of the United States District Court for the Eastern District of North Carolina for purposes of enforcing the release.

Signature:_____

Date:_____

# EXHIBIT B

**NOTICE OF SETTLEMENT**

# *Hall v. Higher One Machines, Inc., et al.*
## *Case No. 5:15-cv-00670-F*

A settlement (the Settlement) has been reached in the lawsuit currently pending in the United States District Court for the Eastern District of North Carolina entitled *Hall v. Higher One Machines, Inc., et al.*, Case No. 5:15-cv-00670-F (the Lawsuit). As explained in more detail below, to participate in the Lawsuit and receive a portion of the Settlement, you must submit a properly completed Claim Form and IRS Forms W-4 and W-9 enclosed by **[INSERT DATE 45 DAYS FROM DATE NOTICE WAS SENT]**. If you fail to submit the valid Claim Form and IRS Forms W-4 and W-9 in time, you will not be eligible to participate and will not receive any payment from this Settlement.

| A. | PURPOSE OF THIS NOTICE |
|---|---|

The Court has approved, for settlement purposes, distribution of this notice to the following potential members of the collective action (Potential Claimants):

> All current and former employees who were employed by Higher One Machines, Inc., Higher One Inc., and Higher One Holdings, Inc. (hereinafter "Higher One"), as hourly Home-Based Customer Care Agents or non-customer care/non-exempt employees at any location in the United States or any U.S. jurisdiction, and who performed work for Higher One from December 28, 2012 through October 31, 2014 with respect to the Log-in/Log-out claims, and December 28, 2012 through February 16, 2016 with respect to the Rest-break claims (except that the Rest-break claims shall be extended back to December 29, 2009 for employees who worked in the State of Washington and back to December 29, 2010 for employees who worked in the State of Kentucky).

According to Higher One's records, you are a Potential Claimant and may be eligible to participate in the Settlement. The purpose of this Notice is to inform you about the Settlement and to discuss your rights and options with respect to the Lawsuit and the Settlement.

| B. | DESCRIPTION OF THE LAWSUIT |
|---|---|

The Lawsuit was filed in the United States District Court for the Eastern District of North Carolina by *Patricia Hall* ("Plaintiff") against *Higher One Machines, Inc., Higher One Inc., and Higher One Holdings, Inc.* ("Higher One"). Plaintiff alleges on behalf of herself and others that Higher One violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and various state laws by failing to pay its hourly Home-Based Customer Care Agents regular wages and time and a half for certain overtime hours worked performing the pre-shift, post-shift, and pre- and post-meal break preparatory activities of booting up computers and logging into computer systems, along with mid-shift connectivity issues, and for failing to pay said employees for rest breaks lasting less than 20 minutes. Higher One denies the allegations and asserts, among other defenses, that Plaintiff and all others were properly paid for all regular wages overtime hours.

This Settlement is the result of arms-length negotiations between the Plaintiff and Higher One and their respective attorneys. Both sides agree that this Settlement is fair and appropriate under the circumstances to resolve any unpaid overtime claimed.

The attorneys for the Claimants and Potential Claimants in the Lawsuit (Class Counsel) are:

> Kevin Stoops, Esq.
> Sommers Schwartz, P.C.
> One Towne Square, Suite 1700
> Southfield, MI 48076
> Telephone (248) 355-0300
> jthompson@sommerspc.com
> kstoops@sommerspc.com
> jyoung@sommerspc.com

> Timothy J. Becker
> MN Bar No. 256663
> Jacob R. Rusch
> MN Bar No. 391892
> JOHNSON BECKER, PLLC
> 33 South Sixth Street, Suite 4530
> Minneapolis, Minnesota 55402
> Telephone: (612) 436-1800
> Facsimile: (612) 436-1801
> tbecker@johnsonbecker.com
> jrusch@johnsonbecker.com

The attorney for Higher One is:

> Mary A. Gambardella
> CT Bar No. 1983
> WIGGIN AND DANA LLP
> 281 Tresser Blvd., 7th Floor
> Stamford, Connecticut 06901
> Telephone: (203) 363-7662
> Facsimile: (203) 363-7676
> mgambardella@wiggin.com

On [INSERT], 2016, the Court granted preliminary approval of the Settlement.

| C. | SUMMARY OF TERMS OF THE SETTLEMENT |
|---|---|

The material terms of the Settlement are as follows:

1. Higher One will allocate Nine Hundred Sixty-Four Thousand Six Hundred Thirty-Seven Dollars and Eighty-Five Cents ($964,637.85) (the "Settlement Fund") to pay: (a) the proper and timely claims of Claimants; (b) Settlement administration costs; (c) Class Counsel's fees and litigation costs; and (d) Enhancement awards to the Class Representatives.

2. Class Counsel will make an application to the Court for attorneys' fees in the amount of Three Hundred Twenty-One Thousand Five Hundred Forty-Five Dollars and Ninety-Five Cents

($321,545.95) and costs and settlement administration expenses an amount not to exceed Fifty Thousand Dollars and No Cents ($50,000.00).

3.  Plaintiff will make an application to the Court for an Incentive Award in recognition of her service to the Class members in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00).

4.  After deduction from the Maximum Settlement Amount for Settlement administration claims, Class Counsel's fees and costs, and Enhancement awards, Higher One will use the net amount to pay the following damages to Class Members:

    a.  Log-in/Log-out Damages: for the period December 28, 2012 through October 31, 2014 Higher One will pay each Class Member who submits a valid Claim Form an amount to be determined by adding 6.0 minutes per day worked based on the actual time records of each Class Member and based on the Class Member's regular hourly rate.

    b.  Rest-Break Damages: for the period December 28, 2012 through February 16, 2016 (and December 29, 2009 through February 16, 2016 for employees who worked in the State of Washington and from December 29, 2010 through February 16, 2016 for employees who worked in the State of Kentucky) Higher One will pay each Class Member (without the necessity of filing a Claim Form) for rest breaks they took during each shift they worked that the law requires be counted as compensable work time. Specifically, Defendants will pay Class Members for all time taken for any breaks any Class Member took during his/her employment during the Class Period which lasted twenty (20) minutes or less, calculated based on the Class Member's actual time and pay records, and their actual hourly rate, which amount will then be doubled to account for liquidated damages pursuant to the liquidated damages provision of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

5.  Each Class Member who participates in the Settlement will receive one check in an amount representing back wages owed and for which withholdings taxes shall be paid and an IRS Form W-2 shall be issued. Each Class Member will also receive a second check in an equal amount representing liquidated damages only relative to the rest-break payment, for which no withholding shall be made and an IRS Form 1099 shall be issued.

6.  Each Class Member who timely files a completed and signed Claim Form as required for Log-in/Log-out payments shall be deemed to have opted into the case for purposes of their FLSA claims and any applicable Rule 23 class claims. They will not have opted out for Rule 23 purposes.

7.  Each Class Member who timely files an Opt-Out Form will be deemed as not having joined the Class as an opt-in for FLSA claims and to have opted out of the Rule 23 class. In other words, Class Members may not participate in the Settlement for one claim and not the other; it must be both.

8.  A Class Member who does nothing (files no form) will be deemed as not having joined the case as an opt-in for purposes of the FLSA claims, but will be in the Rule 23 class. To opt out of the Rule 23 class a Class Member must file a timely Opt-Out Form.

9.  Each Class Member who participates in the Settlement by receiving payment from the Settlement shall be deemed to release and discharge Higher One, as set forth in Paragraphs 6, 7 and 8, above, for all claims, liabilities, and causes of action of every nature and description whatsoever by the Class Member related to any claim for unpaid wages, overtime wages, minimum wages and/or liquidated damages, interest, attorneys' fees, and litigation costs under the Fair Labor Standards

Act, 29 U.S.C. § 201, *et seq.* and any state or common law that accrued during the time periods applicable to their participation in the Settlement, including without limitation, claims for wages, premium pay, overtime pay, penalties, liquidated damages, punitive damages, interest, attorneys' fees, and litigation costs.

---

**D.     TO RECEIVE A SETTLEMENT PAYMENT**

---

In order to receive a payment for Log-in/Log-Out damages under the Settlement, you must *fully and accurately* complete, sign and mail or fax the enclosed Claim Form and Release, W-4 Form and W-9 Form to the Settlement Administrator at the address listed below. Completed Claim Forms and Releases can only be accepted by the Settlement Administrator, and not by any attorneys or the Court. *Your Claim Form and Release must be faxed or post-marked no later than **[INSERT DATE 45 DAYS AFTER DATE NOTICE WAS SENT]**.* Late or incomplete Claim Forms and Releases will not be honored.

The **Settlement Administrator** – to whom all forms and questions should be directed is:



TBD
<Address>
<FAX>

---

**E.     OBJECTIONS AND FINAL APPROVAL HEARING ON SETTLEMENT**

---

If you believe the proposed Settlement is inadequate, you may object to the Settlement by filing a written Objection clearly describing why you believe the settlement is not fair or reasonable with the Court and mailing a copy of each to counsel for Higher One and Class Counsel at the addresses above. *Your Opt-Out Form must be faxed or post-marked no later than [INSERT DATE 30 DAYS AFTER DATE NOTICE WAS SENT].* Late or incomplete Opt-Out Forms will not be honored.

The Court will hold a Final Settlement Approval Hearing regarding the fairness and adequacy of the proposed Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, and the Incentive Award on [INSERT DATE AND TIME], United States District Court for the Eastern District of North Carolina, 2 Princess Street, Wilmington, North Carolina, 28401. At the Hearing, Claimants will be permitted to voice any objection to the proposed Settlement by appearing in person or by submitting written objections in advance. If the Court were to find the Settlement unfair, it would be rendered null and void and the parties would revert to their prior litigation status. If the Settlement were found to be fair, it would be approved, Higher One would be directed to distribute payments, and the case would be closed. The Final Settlement Approval Hearing may be continued without further notice to Claimants.

---

**F.     SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

---

| | |
|---|---|
| **CLAIM A PAYMENT FOR LOG-IN/LOG-OUT DAMAGES** | To receive a payment for Log-in/Log-out damages, you must complete and mail back the enclosed "Claim Form and Release" (Claim Form) and it must be postmarked by [INSERT DATE 30 DAYS FROM DATE NOTICE WAS SENT]. If you choose to participate in the Settlement, you will release your wage and hour claims against Higher One. |
| **DO NOTHING** | If you do nothing, you will receive a payment for Rest-break damages if you fall within the group of Class Members entitled to said payments but you |

|  | | will not receive a payment for Log-in/Log-out damages, and you cannot object to the settlement.  You will also release all state law wage and hour claims you may have against Higher One but you will not release your claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* |
| --- | --- | --- |
| **OPT-OUT** | | To opt-out of the Settlement, you must complete and mail back the enclosed "Opt-Out Form" and it must be postmarked by [INSERT DATE 30 DAYS FROM DATE NOTICE WAS SENT]. If you choose to opt-out of the Settlement, you will not be entitled to any payment and will not be entitled or permitted to assert an objection to the Settlement. You will retain all of your legal claims. |
| **OBJECT** | | You may object to the Settlement by filing a written Objection clearly describing why you believe the settlement is not fair or reasonable with the Court and mailing a copy of each to counsel for Higher One and Class Counsel at the addresses above. You must object in writing in order to speak to the Court at the Final Approval Hearing (described above) about the fairness of the Settlement. |

## G.     ADDITIONAL INFORMATION

If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Settlement Administrator at the above address and telephone number.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

# EXHIBIT C

## INSTRUCTIONS REGARDING OPT-OUT FORM

YOU MUST <u>COMPLETE</u>, <u>SIGN</u>, AND <u>MAIL (OR FAX)</u> THIS FORM ("OPT-OUT FORM") BY FIRST-CLASS U.S. MAIL TO THE SETTLEMENT ADMINISTRATOR ON OR BEFORE _____, **2016**, ADDRESSED AS FOLLOWS, IN ORDER TO OPT-OUT OF THE SETTLEMENT.

---

MAIL OR FAX TO:

SETTLEMENT ADMINISTRATOR
<INSERT>
<FAX>

---

1.  Please complete and sign this Opt-Out Form and mail or fax it to the address or facsimile number listed above in order to Opt-Out of the Settlement.

2.  It is your responsibility to keep a current address on file with the Settlement Administrator. The Settlement Administrator may be reached toll free at xxx-xxx-xxxx or via mail at SETTLEMENT ADMINISTRATOR, <INSERT>, or via facsimile at <FAX>.

1

## OPT-OUT FORM

### *Hall v. Higher One Machines, Inc., et al.*
### Case No. 5:15-cv-00670-F

## I.      PERSONAL INFORMATION

Name (first, middle and last):

Home Street Address :

City, State, Zip Code:

Home Telephone Number       (__ __ __)     - __ __ __ - __ __ __ __

Social Security Number       __ __ __ - __ __ - __ __ __ __

## II.     REQUEST FOR EXCLUSION

By signing and returning this Form, I certify that I have carefully read the Class Notice and that I wish to be excluded from the Settlement described therein.  **I understand that this means that I will not receive any money or other benefits under the Settlement, and I will not be subject to the terms of the Settlement**.

## III.    MAILING INSTRUCTIONS

If you choose to return this Form, you must return it to the Settlement Administrator postmarked on or before [INSERT DATE], 2016 at the address listed below:

> [Settlement Administrator]
> [Address]

In addition, you must send copies of this Form to Class Counsel, and Counsel for Cloud 10 Corp. postmarked on or before [INSERT DATE], at the addresses listed below:

| Class Counsel | Defendant's Counsel |
|---|---|
| SOMMERS SCHWARTZ, P.C. | WIGGIN AND DANA LLP |
| c/o Kevin J. Stoops, Esq. | c/o Mary A. Gambardella, Esq. |
| One Towne Square, Suite 1700 | Two Stamford Plaza, 281 Tresser |
| Southfield, Michigan 48076 | Boulevard |
|  | Stamford, Connecticut 06901 |

## IV.    CERTIFICATION

I hereby certify that the contents of this Opt-Out Form are true and accurate, and that I have read and understand the Class Notice.

2

## V.   PLEASE SIGN BELOW

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Signature:_____ Date:_____

Print Name:_____

3

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**No. 5:15-CV-00670-F**

PATRICIA HALL, individually
and on behalf of others similarly situated,

Plaintiff,

v.

HIGHER ONE MACHINES, INC.,
HIGHER ONE INC., and
HIGHER ONE HOLDINGS, INC.,

Defendants.

---

**ORDER GRANTING JOINT MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

At a session of said court held in the Eastern District of North
Carolina on the ___ day of July, 2016

PRESENT:   HONORABLE _____
                        U.S. DISTRICT COURT JUDGE

This Action involves claims relating to alleged unpaid back wages under the Fair

Labor Standards Act ("FLSA"), the North Carolina Wage and Hour Act, N.C. Gen Stat.   §§

95-25.1, *et seq.*, and under state common law contract law, as both a collective action and

rule 23 class action.

The terms of the Settlement are set out in the Settlement Agreement fully executed as

of July 19, 2016 (the "Agreement" or "Settlement Agreement"), by the Named Plaintiff,

Patricia Hall ("Plaintiff"), and Defendants, Higher One Machines, Inc.; Higher One Inc.; and

Higher One Holdings, Inc. ("Defendants'").

Pursuant to the parties' Joint Motion for Preliminary Approval, the Court has

1

preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. As discussed below, the Court preliminarily approves the parties' settlement and sets the following schedule for the further approval and administration of the settlement:

| Event | Anticipated Date |
|-------|------------------|
| File Motion for Preliminary Approval Order; Settlement Agreement with Exhibits, including Class Notice and Claim Form | By July 19, 2016 |
| Entry of Preliminary Approval Order ("Preliminary Approval"). | On or before July 25, 2016 |
| Deadline for CAFA Notice Mailing | Within 3 days after the Preliminary Approval Order |
| Defendants shall provide the Settlement Administrator with the Initial Deposit for the notice and administration expenses. | Within 10 days after the Preliminary Approval Order. |
| Deadline for the Settlement Administrator to mail Class Notice, Claim Forms and Opt Out Forms. | Within 14 days after the Preliminary Approval Order. |
| Deadline for Class Members to submit Opt-Out Form or object to the Settlement. | Within 30 days after Settlement Administrator mails Class Notice. |
| Deadline for Parties to file responses to objections. | Within 10 days after objection deadline. |
| Deadline for objectors to file replies in support of objections. | Within 3 days after response deadline. |
| Deadline for filing Motion for Final Approval, Incentive Awards, Attorneys' Fees and Costs. | Within 45 days after Settlement Administrator mails Class Notice. |
| Final Approval Hearing and Entry of Final Approval Order | TBD (earliest hearing date would be October 27, 2016) |
| Deadline for Class Members to submit Claims Forms. | 45 days after Settlement Administrator mails Class Notice. |
| Deadline for Settlement Administrator to calculate individual payments to each Class Member. | Within 7 calendar days after the Opt-Out Deadline. |
| Defendants shall pay the Settlement Fund less the Initial Deposit into the Escrow Account. | Within 10 days after entry of Final Approval Order. |
| Effective Date | 31 days after entry of Final Approval Order. |
| Deadline for Settlement Administrator to mail Attorneys' Fees, Costs, and Enhancement Awards to Class Counsel. | Within 3 days after Effective Date. |
| Deadline for Settlement Administrator to mail individual payments to Class Members. | Within 14 days after |

2

| | Effective Date. |
|---|---|

Upon reviewing the Settlement Agreement and the papers submitted by the parties seeking preliminary approval of the Settlement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.    **Class Findings:** Solely for the purposes of the Settlement, the Court finds that the requirements of the Fed. R. Civ. P. 23 the Constitution of the United States, the Rules of this Court and any other applicable law have been met as to the Settlement Class defined in paragraph 3 below, in that:

(a)    The Court preliminarily finds, for purposes of settlement only, that the Plaintiff has standing to represent the Settlement Class because she has potentially suffered the same damages as the Settlement Class and is a member of the Settlement Class

(b)    The Court preliminarily finds, for purposes of settlement only, that, as required by Fed. R. Civ. P. 23 the Settlement Class is ascertainable from records kept by Defendants with respect to their employees and from other objective criteria, and that the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(c)    The Court preliminarily finds, for purposes of settlement only, that, as required by Fed. R. Civ. P. 23 there are one or more questions of fact and/or law common to the Settlement Class.

(d)    The Court preliminarily finds, for purposes of settlement only, that, as required by Fed. R. Civ. P. 23 the claims of the Plaintiff are typical of the claims of the Settlement Class;

3

(e)    The Court preliminarily finds, for purposes of settlement only, that, as required by Fed. R. Civ. P. 23 the Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiff and the nature of her alleged claims are consistent with those of the members of the Settlement Class, (ii) there appear to be no conflicts between or among the Plaintiff and the Settlement Class, and (iii) the Plaintiff and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex consumer class actions.

(f)    The Court preliminarily finds, for purposes of settlement only, that, as required by Fed. R. Civ. P. 23 and upon consideration of the factors enumerated in Fed. R. Civ. P. 23 maintaining the Plaintiff's claims as a class action is superior to other available means of adjudication in promoting the convenient administration of justice.

2.    **Class Certification** – The Court, in conducting the settlement approval process required by Fed. R. Civ. P. 23 certifies, for purposes of settlement only, the following Settlement Class:

> The Settlement consists of a collective/class action under 29 U.S.C. § 216(b) and a multi-state class action under Fed. R. Civ. P. 23 for Connecticut, Colorado, Delaware, Florida, Georgia, Illinois, Indiana, Kentucky, Maryland, Michigan, New Jersey, North Carolina, Ohio, South Carolina, Texas, Virginia and Washington ("State Classes"). The Class is defined as all home-based customer care agents, and approximately fifty (50) other non-exempt employees for purposes of the Break Time Claims only, who worked for Defendants during the Class Period. The Class Period is from December 28, 2012 through October 31, 2014 for the Log-in/Log-out claims, and December 28, 2012 through February 16, 2016. For the Washington state law sub-classes, the Class Period will commence on December 28, 2009 through the applicable end date as set out above; and for the Kentucky state law sub-classes the Class Period will commence on December 28,

2010 through the applicable end date as set out above ("Class Members"). Excluded from the Class are (a) all persons who are employees, directors, officers, and agents of the Defendants or their affiliated entities; (b) persons who timely and properly exclude themselves from the Class as provided in this Settlement Agreement; (c) the Court, the Court's immediate family, and Court staff; and (d) all counsel of record in the Action.

Further, the Court appoints the Named Plaintiff as representatives for the Settlement Class and appoints Sommers Schwartz, P.C, and Johnson Becker, PLLC as Class Counsel for the Plaintiff and the Settlement Class. This certification of a preliminary Settlement Class pursuant to the terms of the Settlement Agreement shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against the Defendants, that (except for the purposes of the Settlement) this Action or any other action is appropriate for class treatment under Fed. R. Civ. P. 23.

4. **Preliminary Findings Regarding Proposed Settlement** – The Court preliminarily finds that (i) the proposed Settlement resulted from extensive arm's-length negotiations, (ii) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and fact-finding regarding the strengths and weaknesses of the Plaintiff's claims, (iii) Class Counsel, having substantial experience in FLSA collective actions and wage and hour class action cases, concluded that the proposed Settlement is fair, reasonable and adequate, and (iv) the proposed Settlement is sufficiently fair, reasonable and adequate to warrant sending notice of the proposed Settlement to the Settlement Class. Having considered the essential terms of the Settlement Agreement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those whose claims would be settled, compromised, dismissed and/or released pursuant to the Settlement must be given notice and an opportunity to be heard regarding final approval of the Settlement and other relevant matters.

5

5.     **Class Notice:** The Plaintiff and Class Counsel have presented to the Court a proposed Class Notice, attached as Exhibit "B" to the Settlement Agreement. The Court finds that such forms satisfy the requirements of Fed. R. Civ. P. 23 as it fairly and adequately: (a) describes the terms and effect of the Settlement Agreement, the Settlement and the Plan of Allocation, (b) accurately and adequately outlines the claims process concerning the Log-in/Log-out Damages, (c) notifies the Settlement Class that Class Counsel will seek attorneys' fees from the Settlement Fund up to one-third of the $964,637.85 Settlement Fund, reimbursement of expenses (including settlement administration costs) from the Settlement Fund up to $50,000.00, and for an Incentive Award to the Named Plaintiff in the amount of   $10,000 for her service in such capacity, (d) gives notice to the Settlement Class of the time and place of the Fairness Hearing, and (e) describes how the recipients of the Class Notice may object to any of the relief requested. Plaintiff and Class Counsel have proposed first class mail to communicate the notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances, which is summarized as follows:

> (a)     By no later than the date set forth in the schedule above the Settlement Administrator shall cause the proposed Class Notice, attached as Exhibit "B" to the Settlement Agreement, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be sent by electronic mail to the last known e-mail address of each member of the Settlement Class for whom the Settlement Administrator has a valid e-mail address.

6.     **Attorneys' Fees and Costs and Named Plaintiff Incentive Awards:** The Court has reviewed Class Counsels' memorandum of law and supporting affidavit and preliminarily approves their request for an award of fees in the amount of $321,545.95, litigation expenses and

6

settlement administration costs in an amount not to exceed $50,000.00, as fair and reasonable. Further, upon consideration of the relevant authorities, the Court preliminarily approves the proposed Named Plaintiff Incentive Award in the amount of $10,000 as fair and reasonable. Both of these preliminary rulings are subject to final review and approval upon the Court's review of Class Counsel's Motion for Final Approval and consideration of any timely objection from a member of the Settlement Class.

7.     **Objections to Settlement:** Any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, or to any term of the Settlement Agreement may file an objection. An objector must file with the Court Clerk a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection, including any legal support and/or evidence that such objector wishes to bring to the attention of the Court or introduce in support of such objection, as well as information sufficient to show that the objector is a member of the Settlement Class. The objector must also mail copies of the objection and all supporting law and/or evidence to Class Counsel and to counsel for the Defendants. The addresses for filing objections with the Court and service on counsel are as follows:

Upon Class Counsel at:

> SOMMERS SCHWARTZ, P.C.
> Kevin J. Stoops
> One Towne Square, Suite 1700
> Southfield, Michigan 48076
> Fax: (248) 436-8453

Upon Defense Counsel at:

> WIGGIN and DANA LLP
> Mary A. Gambardella
> 281 Tresser Blvd., 7th Floor
> Stamford, CT   06901

Fax: (203) 363-7676
MOORE & VAN ALLEN PLLC
Benjamin P. Fryer
Daniel L. Gude
100 North Tryon Street, Suite 4700
Charlotte, NC   28202-44418

Upon Settlement Administrator at:

SIMPLURIS INC.
P.O. Box 26170
Santa Ana, California 92799
Fax: (714) 223-5067

Any objector or his, her, or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the Court by no later than the date set forth in the schedule above. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than the date set forth in the schedule above. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement (in this proceeding, on any appeal or in any other proceedings), and any untimely objection shall be barred absent an Order from the Court.

8.    **Final Approval Brief and Fee Petition:** Counsel shall file their Motion for Final Approval and Attorneys' Fees no later than the date set forth in the schedule above.

9.    **Fairness Hearing:** A hearing, is scheduled for the date set forth in the schedule above at the United States District Court for the Eastern District of North Carolina, 2 Princess Street, Wilmington, North Carolina, 28401 (the "Fairness Hearing") to determine, among other things:

8

(a)  Whether the Settlement merits final approval as fair, reasonable and adequate;

(b)  Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

(c)  Whether the notice method provided by the Parties: includes: (1) a description of the settlement class; (2) a description of the proposed settlement; (3) the names of counsel for the class; (4) a fairness hearing date; (5) a statement of the deadlines for filing objections to the settlement, and for filing requests of exclusion; (6) the consequences of such exclusion; (7) the consequences of remaining in the settlement class; (8) a statement of the attorneys' fees, litigations expenses and estimated claims administration costs sought; and (9) information on how to obtain further information;

(d)  Whether Class Counsel adequately represented the Settlement Class for purposes of entering into the Settlement;

(e)  Whether the proposed Plan of Allocation should receive final approval pursuant to Rule 23;

(f)  Whether the Court's preliminary finding that a Class Counsels' one-third fee award and expense reimbursement award is reasonable in this case should receive final approval; and

(g)  Whether the Court's preliminary finding that the proposed Named Plaintiff Incentive Award is reasonable should receive final approval.

10.  **Appearance at Fairness Hearing:** If any objector files and serves a timely and valid written objection in accordance with the requirements above and the Court sets a hearing,

they may appear at the Fairness Hearing either in person or through qualified counsel retained at their own expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney), and information sufficient to show that the objector is a member of the Settlement Class, on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court Clerk by no later than the date set forth in the schedule above. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court.

11.    **Class Notice Expenses:**   The expenses of printing and mailing and publishing all notices required hereby shall be paid as described in the Settlement Agreement.

12.    **Service of Papers:** Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession, and shall make sure the same are electronically filed with the Court.

13.    **Termination of Settlement:** This Order shall become null and void, *ab initio,* and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions prior to the Settlement, if the Settlement is terminated in accordance with the terms of the Settlement Agreement or otherwise fails to become final and binding on the Parties, inclusive of any appeal.

14.    **Use of Order:** This Order is not admissible as evidence for any purpose against the Defendants or any current or former affiliate, officer, director or agent of Defendants, in any pending or future litigation involving any of the Parties or otherwise. This Order shall not be

10

construed or used as an admission, concession, or declaration by or against the Defendants or any current or former affiliate, officer, employee or agent of Defendants of any fault, wrongdoing, breach, or liability and the Defendants specifically deny any such fault, breach, liability or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against the Plaintiff or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable. This Order shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken there under shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

15.    **Jurisdiction:** Pursuant to the Settlement Agreement entered into by the parties, the Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising there under.

16.    **Bar Order:** Pending final determination of whether the Settlement should be approved, the Plaintiff, the Defendants and all members of the Settlement Class are each hereby barred and enjoined from instigating, instituting, commencing, maintaining or prosecuting any

11

action in any court or tribunal that asserts any Released Claim against any Released Party, as those terms are defined in the Settlement Agreement.

17. **Continuance of Hearing -**   The Court reserves the right to continue the Fairness Hearing without further written notice.

This Order does not resolve the last pending claim or close the case.

SO ORDERED on this day of July ____, 2016.

_____
HON. JAMES C. FOX