IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-670-F

PATRICIA HALL, individually )
and on behalf of others similarly situated, )
)
Plaintiff, )
) **ORDER**
vs. )
)
HIGHER ONE MACHINES, INC., )
HIGHER ONE, INC., and )
HIGHER ONE HOLDINGS, INC., )
)
Defendants. )
)

Before the court is the parties' joint motion for preliminary approval of their proposed class and collective action settlement.[1] [DE 35]. In their joint motion, the parties seek (1) approval of a class under Rule 23 of the Federal Rules of Civil Procedure and a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act, (2) appointment of class counsel and a settlement administrator, (3) approval of the proposed notice of settlement and proposed schedule going forward, and (4) approval of an award of attorney's fees in the amount of $321,545.95, litigation expenses and settlement administration costs in an amount not to exceed $50,000.00 and a $10,000.00 incentive award to Patricia Hall. For the reasons stated below, the court declines to issue an order certifying the proposed settlement class and preliminarily approving the proposed settlement.

---

[1] On August 22, 2016, the parties filed a joint motion for expedited review of the instant motion. [DE 38]. The court's review of the instant motion has been hindered by various deficiencies, as discussed *infra*.

## I.  BACKGROUND

Patricia Hall ("Named Plaintiff") brings this hybrid action individually and on behalf of all others similarly situated for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq.*, and for breach of contract against Higher One Machines, Inc., Higher One, Inc. and Higher One Holdings, Inc. (collectively "Higher One" or "Defendants"). According to the complaint, Defendants are leading providers of technology, data analytics, and payment services to the higher education industry.[2] In order to service their customers' needs, Defendants employed home-based call center employees – called "customer care agents" – to receive and respond to customer calls.[3] Named Plaintiff was employed by Defendants as a customer care agent from July 2014 through July 2015 and was compensated at an hourly rate.[4]

Named Plaintiff alleges Defendant's customer care agents – located in numerous states – were not paid for all time worked nor for all of their overtime in violation of the FLSA, the NCWHA and state contract law. In particular, Defendants allegedly compensated Named Plaintiff and other customer care agents "for the time they [were] on the telephone and available to accept calls" only, in accordance with Defendants' payroll policies and practices.[5] As a result, alleges Named Plaintiff, customer care agents were not compensated for the following: (1) the time required to log-in to and log-out of computer systems and servers (the "log-in/log-out" claims); (2) the periodic times they were disconnected from Defendants' servers due to technical difficulties (the "server" claims); and (3) the 15-minute rest break accorded per shift (the "rest-

---

[2] Compl. ¶ 3.
[3] *Id.* ¶ 4.
[4] *Id.* ¶ 29.
[5] *Id.* ¶¶ 5, 50.

break" claims).[6]

The Joint Stipulation of Settlement and Release ("Proposed Settlement") executed by the parties requires Defendants to pay up to $964,637.85, to be divided as follows: (1) attorney's fees to class counsel in the amount of $321,545.95 (representing 1/3 of the common fund); (2) $50,000.00 for payment of settlement administration expenses and reimbursement of class counsel expenses; (3) an incentive award to Named Plaintiff as the class representative in the amount of $10,000.00; and (4) distribution to the settlement class members of $583,091.90.[7] The Proposed Settlement provides for the distribution to the settlement class members based on the log-in/log out claims and the rest-break claims.[8]

According to the Proposed Settlement, a potential settlement class member may submit a claim form by which that member indicates his wish to fully participate in the settlement and release federal and state claims against Defendants.[9] That is, by submitting the claim form, a member both opts in to the FLSA class and declines to opt out of the Rule 23 state law class. In the alternative, a potential settlement class member may opt out of the settlement by submitting an opt-out form.[10] By submitting the opt-out form, a potential member receives no payment, is not bound by the settlement, and does not release state or federal wage-and-hour claims against Defendants.[11] In the event a potential class member neither opts in to the FLSA class, nor opts out of the Rule 23 state law class, that member will be deemed part of the Rule 23 state law class.[12]

---

[6] *Id.* ¶¶ 12-16.
[7] Proposed Settlement §§ IV ¶ 32, VI ¶ 52 [DE 36-3].
[8] *Id.* § IV ¶ 39.
[9] *Id.* § IV ¶ 36.
[10] *Id.* § IV ¶ 37.
[11] *Id.* § VII ¶ 58.
[12] *Id.* § IV ¶ 38.

The court has not yet certified either a Rule 23 class action or a FLSA collective action. Named Plaintiff is represented by Sommers Schwartz, P.C. (the lead firm) and Knott & Boyle, PLLC. Kevin Stoops of Sommers Schwartz, P.C. serves as Named Plaintiff's "lead" counsel.[13]

## II. RULE 23 CLASS ACTION CERTIFICATION

### A. Legal Standard

The court is mindful of "the strong judicial policy in favor of settlements, particularly in the class action context." *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998); *accord Velazquez v. Burch Equip., LLC*, 2016 U.S. Dist. LEXIS 29426, at *2-3 (E.D.N.C. Mar. 8, 2016). Indeed, "settlement-only" classes have become increasingly prominent. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 618 (1997). Nevertheless, where, as here, a settlement agreement is reached prior to class certification, courts must review the proposed compromise to ratify both the propriety of certifying a class and the fairness of the settlement. *Id.* at 621 (stating that the "dominant concern" of the Rule 23(a) and (b) safeguards – "whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of class representatives" – persists even where the case is resolved via settlement).

Before the court may evaluate a class action settlement under Rule 23(e) of the Federal Rules of Civil Procedure, the settlement class must meet the requirements of Rules 23(a) and (b). A party seeking class certification must initially establish that a "precisely defined class exists" and that she is a member of that class. *Haywood v. Barnes*, 109 F.R.D. 568, 576 (E.D.N.C. 1986); *E. Tex. Motor Freight Sys. v. Rodriguez*, 431 U.S. 395, 403 (1977). Next, a party must establish that the settlement class meets the four criteria listed in Rule 23(a): (1) numerosity; (2) commonality of law or fact; (3) typicality of the representative plaintiff's claims; and

---

[13] Decl. Kevin J. Stoops ("Stoops Decl.") ¶ 18 [DE 36-4].

(4) adequacy of representation. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982) (stating a class my only be certified if the court "is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied"). Once subsection (a) is satisfied, a party must then show the class is maintainable pursuant to one of Rule 23(b)'s subdivisions. If subsections (a) and (b) are satisfied, the court evaluates whether the settlement is "fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(2).

## B. Precisely defined class requirement

The joint motion provides no identification of the class. The Proposed Settlement defines the class but the definition is incomplete. In particular, according to the Proposed Settlement, the parties seek conditional certification of the following class:

> All home-based customer care agents, and **approximately fifty (50) other non-exempt employees for purposes of the Break Time Claims** only, who worked for Defendants during the Class Period. The Class Period is from December 28, 2012 through October 31, 2014 for the Log-in/Log-out claims, and **December 28, 2012 through February 16, 2016 [sic]**. For the Washington state law subclasses, the Class Period will commence on December 28, 2009 through the applicable end date as set out above; and for the Kentucky state law sub-classes the Class Period will commence on December 28, 2010 through the applicable end date as set out above.

Proposed Settlement ¶ 6 (bold emphasis added).[14] Moreover, the definition contained in the Proposed Settlement varies from that found in the proposed notice of settlement ("notice"):

> All current and former employees who were employed by Higher One Machines, Inc., Higher One Inc., and Higher One Holdings, Inc. (hereinafter "Higher One"), as **hourly** Home-Based Customer Care Agents or **non-customer care**/non-

---

[14] The following are excluded from the Class:

(a) all persons who are employees, directors, officers, and agents of the Defendants or their affiliated entities; (b) persons who timely and properly exclude themselves from the Class as provided in this Settlement Agreement; (c) the Court, the Court's immediate family, and Court staff; and (d) all counsel of record in the Action.

Proposed Settlement ¶ 6.

exempt employees at any location in the United States or any U.S. jurisdiction, and who performed work for Higher One from December 28, 2012 through October 31, 2014 with respect to the Log-in/Logout claims, and December 28, 2012 through February 16, 2016 **with respect to the Rest-break claims (except that the Rest-break claims shall be extended back to December 29, 2009 for employees who worked in the State of Washington and back to December 29, 2010 for employees who worked in the State of Kentucky).**

*Id.*, Ex. B § A (emphasis added) [DE 36-3 at 46]. Based on the incomplete definition found in the Proposed Settlement and the inconsistent definitions provided by the Proposed Agreement and the notice, the court finds the parties fail to establish a precisely defined class.

### C. Rule 23(a) and (b) Requirements

The parties do not address whether and, if so, how the proposed settlement class satisfies the requirements of Rule 23(a) or 23(b). As such, the court cannot conclude that certification of a class is appropriate pursuant to Rule 23(a) and (b). That the complaint provides allegations as to Rule 23's requirements is of no moment. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (noting "Rule 23 does not set forth a mere pleading standard"). A court must pay "undiluted, even heightened, attention [to class certification requirements] in a settlement context." *Amchem*, 521 U.S. at 620.

To the extent the parties rely solely on the declaration by Kevin J. Stoops, such reliance is not reasonable, as the declaration lacks sufficient details needed to properly analyze the Rule 23 factors. For example, it does not advise as to the full extent of discovery that has taken place, including whether the parties have taken depositions or consulted with potential experts. Also, it provides limited details as to the proposed class counsels' qualifications and experience. While Mr. Stoops advises that he has "been involved with this litigation from the outset," his sworn declaration provides no details regarding his qualifications with respect to both class actions and FLSA litigation. Stoops Decl. ¶ 7. In fact, Mr. Stoops does not state whether he has served as

class counsel in other class action lawsuits and if so, the number of times he has been certified in that capacity. He also provides no information as to the number of federal cases he has handled involving FLSA claims. Rather, Mr. Stoops simply states that he has experience in the area of wage and hour law. *Id.* ¶ 5.

Also, the declaration provides no details regarding the experience of the other attorneys representing Named Plaintiff but for advising that Jason Thompson – managing partner of Sommer Schwartz's complex litigation department – is the national co-chair of the American Association for Justice's wage and hour litigation group. Finally, the declaration identifies the law firm "Johnson Becker, PLLC" as additional "Class Counsel." *Id.* ¶¶ 6-7. The docket reflects that the two firms representing Named Plaintiff are Sommers Schwartz and Knott & Boyle, PLLC. Yet, there are no sworn statements detailing the qualifications of Knott & Boyle. Without sworn declarations by each of Named Plaintiff's counsel, the court cannot determine whether counsel "is qualified, experienced and generally able to conduct the litigation." *Velazquez*, 2016 U.S. Dist. LEXIS 29426, at *12.

Because Named Plaintiff has not "affirmatively demonstrate[d] [her] compliance with" Rule 23, the court cannot preliminarily certify a class. *Dukes*, 564 U.S. at 350; *Amchem*, 521 U.S. at 620.

### III. FLSA COLLECTIVE ACTION CERTIFICATION

#### A. Legal Standard

Under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), an employee can pursue an action – called a "collective action" – for unpaid overtime and minimum wages on

"behalf of himself . . . and other employees similarly situated."[15] 29 U.S.C. § 216(b). "Unlike a class action suit under Federal Rule of Civil Procedure 23, in which class members must opt out or be bound by the outcome, members of a class action under the FLSA must opt in." *Walter v. Buffets Inc.*, No. 6:13-CV-02995-JMC, 2015 WL 3903382, at *4 (D.S.C. June 25, 2015) (citing *Boyle v. Barber & Sons, Co.*, 2004 WL 5897946, at *3 (W.D. Mo. May 21, 2004)); *see Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1529 (2013) (stating "Rule 23 actions are fundamentally different from collective actions under the FLSA"). Accordingly, "[a]pproval of settlements in collective actions under the FLSA generally involves less stringent standards than Rule 23 class settlements."[16] *DeWitt v. Darlington County*, No. 4:11-cv-00740-RBH, 2013 U.S. Dist. LEXIS 172624, at *10 (D.S.C. Dec. 6, 2013).

An employee may bring a FLSA collective action on behalf of herself and other employees who are "similarly situated" and who have filed written consents to join the action. *See Jimenez-Orozco v. Baker Roofing Co.*, No. 5:05-CV-34-FL, 2007 U.S. Dist. LEXIS 93860, at *18 (E.D.N.C. Dec. 20, 2007) (citing 29 U.S.C. § 216(b)). If a party establishes that she is "similarly situated" to the putative class members, the court conditionally certifies the class and approves notice to putative class members of their right to opt in. 29 U.S.C. § 216(b); *Houston*, 591 F. Supp. 2d at 831; *De Luna-Guerrero v. N.C. Growers Ass'n*, 338 F. Supp. 2d 649, 654

---

[15] "[C]laims subject to certification under § 216(b) may appropriately be brought in the same lawsuit as claims subject to certification under Rule 23 where, as here, the essential facts and issues regarding each set of claims are likely to be the same and proceedings are not likely to be rendered unduly burdensome by inclusion of both sets of claims." *Jimenez-Orozco v. Baker Roofing Co.*, No. 5:05-CV-34-FL, 2007 U.S. Dist. LEXIS 93860, at *18 (E.D.N.C. Dec. 20, 2007) (citing *Beltran-Benitez v. Sea Safari, Ltd.*, 180 F. Supp. 2d 772, 774 (E.D.N.C. 2001)).

[16] Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). As such, the FLSA's provisions are mandatory and are not subject to settlement absent the approval of the district court or the Secretary of Labor. 29 U.S.C. § 216(b)-(c); *see Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 462 (4th Cir. 2007).

*Hall v. Higher One Machines, Inc. et al.*
No. 5:15-cv-670-F
Page 9

(E.D.N.C. 2004). At the second step -- which generally occurs "after discovery is virtually complete" -- the court determines whether final certification of the class is warranted. *Long v. CPI Sec. Sys., Inc.*, 292 F.R.D. 296, 299 (W.D.N.C. 2013) (explaining a defendant can move to decertify a conditionally certified class).

### B. Similarly-situated requirement

For FLSA purposes, "[p]utative class members are similarly situated . . . if they raise a similar legal issue as to coverage, exemption, or nonpayment o[f] minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions." *McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465, 469 (E.D.N.C. 2010) (internal quotation marks omitted). The plaintiff "need only make a relatively modest factual showing that a common policy, scheme or plan that violated the law exists." *Adams v. Citicorp Credit Servs.*, 93 F. Supp. 3d 441, 453, 454 (M.D.N.C. 2015).

Here, it appears the putative class members are similarly situated to Named Plaintiff. Like Named Plaintiff, the putative class members were home-based customer care agents employed by Defendants during the class period. As such, they were subject to the same payroll policies and practices of which Named Plaintiff complaints -- that is, the denial of compensation for log-in and log-out time, rest breaks and connectivity issues. Nonetheless, despite the FLSA's lenient standard, the court denies conditional certification of the FLSA class for the reasons discussed in Section II(B).

### IV. EVALUATION OF THE PROPOSED SETTLEMENT

Both Rule 23 and the FLSA require court-approval of any proposed settlement of a class or collective action lawsuit. FED. R. CIV. P. 23(e)(2) (proposed settlement must be "fair, reasonable, and adequate"); *Patel v. Barot*, 15 F. Supp. 3d 648, 653-54 (E.D. Va. 2014) (stating a

FLSA settlement must reflect a "fair and reasonable compromise over a bona fide dispute"). The standards governing court approval of settlements under Rule 23 and the FLSA are nearly identical but for the FLSA's "bona fide dispute" requirement. *Dyson v. Stuart Petroleum Testers, Inc.*, No. 1-15-CV-282-RP, 2016 U.S. Dist. LEXIS 24190, at *6-7 (W.D. Tex. Feb. 29, 2016) (stating "the Rule 23(e) standard encompasses the 'fair and reasonable' settlement standard of the FLSA collective action, and cases interpreting Rule 23(e) are analogous" to FLSA actions).

Courts generally follow a two-step procedure for approving class action settlements. *See* Annotated Manual for Complex Litigation §§ 21.632 – 12.635 (4th ed. 2004). First, the court conducts a preliminary review of the proposed settlement to determine whether it is "within the range of possible approval or, in other words, whether there is probable cause to notify the class of the proposed settlement. *Horton v. Merrill Lynch, Pierce, Fenner & Smith*, 855 F. Supp. 825, 827 (E.D.N.C. 1994). This review requires that a court make "a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." Annotated Manual for Complex Litigation § 21.632.

In making this determination, courts in this circuit have considered the following factors, among others:

(1) the stage of proceedings and the amount of discovery completed;
(2) the possibility of fraud or collusion in the agreement – i.e., whether the settlement was negotiated through arm's length bargaining;
(3) the complexity, expense and likely duration of the litigation absent settlement;
(4) the terms of the settlement in relation to the strength of plaintiff's case;
(5) the experience of plaintiff's counsel;
(6) the solvency of the defendants and the likelihood of recovery on a litigated judgment; and
(7) the amount of the settlement in relation to the potential recovery.

*In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991) (Rule 23 action); *Brunson v. La.-Pac. Corp.*, 818 F. Supp. 2d 922, 927 (D.S.C. 2011) (same); *cf. Patel v. Barot*, 15 F. Supp. 3d

648, 656 (E.D. Va. 2014) (FLSA action).[17] The FLSA imposes the additional requirement of demonstrating that the proposed settlement furthers implementation of the FLSA in the workplace. *See Robinson v. Harrison Transp. Servs., Inc.*, 2016 U.S. Dist. LEXIS 86294, at *8 (E.D.N.C. June 30, 2016) (citations omitted). This examination is generally "made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties." Annotated Manual for Complex Litigation § 21.632. If the proposed settlement is preliminarily acceptable, the court then directs that notice be provided to all class members who would be bound by the proposed settlement in order to afford them an opportunity to be heard on, object to and opt out of the settlement. *See* FED. R. CIV. P. 23(c)(3), (e)(1), (e)(5); *see also Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975) ("[D]ue process requires that notice of a proposed settlement be given to the class.").

Second, after class members are notified of the settlement, the court holds a formal fairness hearing where class members may object to the settlement. *See* FED. R. CIV. P. 23(e)(5); *Koehler v. Freightquote.com, Inc.*, No. 12-2505-DDC-GLR, 2016 U.S. Dist. LEXIS 48597, at *57 (D. Kan. Apr. 11, 2016) (noting that while the FLSA "does not require a fairness hearing like that required for settlements of class actions brought under [Rule] 23, . . . courts routinely hold fairness hearings in FLSA actions unless the parties demonstrate that the opt-in plaintiffs had notice of the settlement and an opportunity to object" (citations omitted)).

Before the court conducts a preliminary review of the proposed settlement, it addresses first the FLSA's "bona fide dispute" requirement.

---

[17] At the final approval stage, a court should also consider "the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 U.S. Dist. LEXIS 89136, at *29 (E.D. Va. June 23, 2009) (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975)).

### A. Bona Fide Dispute as to Liability under the FLSA

A bona fide dispute is one in which there is some doubt whether the plaintiff would succeed on the merits at trial. *See Lynn's Food Stores*, 679 F.2d at 1354. "In deciding whether a bona fide dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Amaya Amaya v. Young & Chang, Inc.*, No. PWG-14-749, 2014 U.S. Dist. LEXIS 99591, at *5 (D. Md. July 22, 2014). While the parties' joint motion is silent as to this issue, the complaint, along with formation representations in the Proposed Agreement, establish that a bona fide dispute exists to Defendants' liability under the FLSA for unpaid wages and overtime compensation.

### B. Fairness, Reasonableness and Adequacy of the Proposed Settlement

The court is unable to determine whether the proposed settlement represents a fair, reasonable and adequate compromise of the parties' bona fide dispute. As noted previously, the record is not clear as to the discovery that has taken place. This case was filed in December 2015, with the proposed settlement reached in July 2016. During that time, no substantive motion practice has taken place; thus, without specific details as to the discovery engaged in by the parties, the court is unable to "fairly evaluate the liability and financial aspects of [the] case." *Lomascolo*, 2009 U.S. Dist. LEXIS 89136, at *31 (citation omitted).

Also, the joint memorandum lacks any meaningful discussion of the parties' respective positions as to how the relief secured by the proposed settlement compares to the putative class members' likely recovery if the case goes to trial. *See McDaniels v. Westlake Servs., LLC*, No. ELH-11-1837, 2014 U.S. Dist. LEXIS 16081, at *22 (D. Md. Feb. 7, 2014) ("By far the most important factor is a comparison of the terms of the proposed settlement with the likely recovery

that plaintiffs would realize if they were successful at trial." (quoting *Blackman v. District of Columbia*, 454 F. Supp. 2d 1, 8 (D.D.C. 2006))). The parties' submission also lacks any declarations, affidavits or exhibits substantiating their positions.[18]

Also, as discussed previously, the court lacks sufficient information to assess counsels' experience in similar litigation. Furthermore, the memorandum is silent as to the "amount of settlement in relation to the potential recovery" factor. *See Robinson*, 2016 U.S. Dist. LEXIS 86294, at *8 ("In order to determine whether a settlement agreement is fair, the court must have some knowledge of the value of the released claims otherwise the fairness of the compromise remains indeterminate."). Finally, there is no discussion regarding how the settlement furthers implementation of the FLSA in the workplace.

## V.  ATTORNEY'S FEES

"[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Both Rule 23 and the FLSA provide for an award of reasonable attorney's fees and expenses. Under Rule 23(h), the "the court may award reasonable attorney's fees . . . authorized by law or by the parties' agreement." FED. R. CIV. P. 23(h). Similarly, under the FLSA, the court is authorized to award "a reasonable

---

[18] In fact, the motion provides mixed signals as to this factor, stating on the one hand that Named Plaintiff has "a strong factual and legal case" but on the other hand, questioning her ability to prove any of her claims. In particular, Named Plaintiff admits that the Class faces various substantive obstacles, including

> establish[ing] that the home based customer service representatives spent compensable time starting their computers, loading software needed to perform their job and that it was uncompensated; that they experienced interruptions in their work day not attributable to their own equipment failure, but rather, to some failure on defendants' end; and their damages – that is the time the above two events spanned each week during their term of employment.

Joint Mem. at 13.

attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-CV-00058, 2010 U.S. Dist. LEXIS 47511, at *3-4 (W.D. Va. May 5, 2010) ("[T]he language of the FLSA contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946))).

The Fourth Circuit has not required a particular method for calculating attorney's fees in common fund cases. *Archbold v. Wells Fargo Bank, N.A.*, No. 3:13CV24599, 2015 U.S. Dist. LEXIS 92855, at *9 (S.D.W. Va. July 14, 2015). Courts either use the lodestar method, the percentage of the fund method, or a combination of both. *See, e.g., Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 480-81 (D. Md. 2014) (explaining "because of the percentage of recovery method's limitations, courts often employ a lodestar multiplier cross-check to ensure the reasonableness of the award"). Here, the court, like other courts in this district, finds "the percentage of the fund method, supplemented with the lodestar cross-check, is the appropriate means by which to determine an award of attorneys' fees in this case." *Phillips v. Triad Guar., Inc.*, 2016 U.S. Dist. LEXIS 60950 (M.D.N.C. May 9, 2016). In determining the proper percentage of recovery, district courts in this circuit consider the following factors:

> (1) the results obtained for the Class; (2) objections by members of the Class to the settlement terms and/or fees requested by counsel; (3) the quality, skill, and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) public policy; and (7) awards in similar cases.

*In re Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 261 (E.D. Va. 2009) (citing, *inter alia*, *In re Cendant Corp. Litig.*, 243 F.3d 722, 733 (3d Cir. 2001)).

At this time, consideration of the requested fees is premature in light of the deficiencies detailed above. That said, the court observes the instant motion fails to sufficiently address the

above factors. Also, the motion fails to provide the information needed to perform the lodestar method as a cross-check.

## VI. CONCLUSION

For the reasons stated above, it is ORDERED as follows:

(1) The parties' Joint Motion for Settlement in Support of Preliminary Approval of Proposed Class Action Settlement; Class Notice; Form of Final Order and Judgment [DE 35] is DENIED without prejudice and with leave to file an amended motion that addresses the requirements and deficiencies identified in this Order;

(2) Plaintiff's Motion for Expedited Review of Joint Motion in Support of Preliminary Approval of Proposed Class Action Settlement [DE 38] is DISMISSED AS MOOT; and

(3) Plaintiff's Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs [DE 17] is DISMISSED AS MOOT.

SO ORDERED.

This the **26** day of September, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge